Filed 12/17/13  Fengier v. Fredericka Manor Care Center CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| DAWN FENGIER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>FREDERICKA MANOR CARE CENTER,<br><br>    Defendant and Respondent. | D062723<br><br><br><br>(Super. Ct. No. 37-2011-00093658-CU-PO-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Judith F. Hayes, Judge.  Affirmed.

William C. Matthews for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Arezoo Jamshidi, George E. Nowotny, Kevin L. Eng, and Sean E. Wachtel, for Defendant and Respondent.

Plaintiff and appellant Dawn Fengier sued defendant and respondent Fredericka Manor Care Center (Care Center) for personal injuries suffered when she, as an employee of an independent contractor, visited Care Center's premises to test fire alarm equipment and injured her shoulder while attempting to do so.  Fengier's complaint asserted causes of action for negligence and premises liability.

Following discovery and motion proceedings, the trial court granted summary judgment in favor of Care Center on the ground that, as a matter of law, Fengier could not establish that it breached a duty of care to her. (Code Civ. Proc., § 437c; all further statutory references are to the Code of Civil Procedure unless noted.) On the admissible evidence, the court determined that the alleged dangerous condition, the cluttered condition of a service room where the inspection was conducted, was open and obvious in nature, and Care Center had not increased any risk in those conditions through anything that it did or did not do. (See *Danieley v. Goldmine Ski Associates Inc.* (1990) 218 Cal.App.3d 111, 121-122 (*Danieley*).)

On appeal, Fengier contends the trial court erred in granting the motion because the record contains evidence sufficient to raise triable issues of material fact or evidentiary presumptions about negligence, statutory standards, comparative negligence, or public policy reasons for imposing liability. She no longer pursues a theory of actionable failure to warn, nor does she argue negligence per se as a separate cause of action.

On the existing state of the pleadings and evidence, we disagree with Fengier's remaining claims for the existence of duty and breach, and affirm the summary judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Before July 2009, Fengier was employed by Systems Specialist (not a party here) to perform the function of inspecting fire alarm systems, including the one located at Care Center. In doing so, she had frequently encountered obstructions in the Care Center service or mechanical room in which its fire alarm system control panel was located. She

2

normally called the maintenance staff at the Care Center to remove the obstacles, and they did so. When she was accompanied by an associate, they sometimes moved obstacles themselves, without difficulty, including a hospital bed stored there. Her inspection reports sometimes stated that the room was full of obstructions which needed to be removed.

On July 10, 2009, Fengier and her coworker, a strong adult male, arrived for an inspection and were told that the mechanical room was clean, but they discovered it was full of furniture and medical equipment, including a hospital bed. Fengier decided that they should move the obstacles to create a path to the fire alarm control panel, and they attempted to roll the bed to one side. The bed was heavy and stayed in place, and when she persisted, she heard a pop in her shoulder, which turned out to be an injury requiring surgery. She then told the maintenance people that the room was not cleaned out and was a mess, but the staff people just walked away.

In Fengier's complaint, she alleged the defendant's failure to keep the service room in an easily navigable condition resulted in a breach of its duty to maintain property that was free of hazards, such as obstacles in front of the electrical panel. She alleged that she was injured while performing her official duties, and the placement of stored objects in the inspection room resulted in physical labor atypical of those duties.

Care Center answered Fengier's complaint and moved for summary judgment, arguing Fengier could not establish that the alleged dangerous condition amounted to a breach of any duty owed to her, because she was on actual notice of the condition, which was open and obvious. Care Center relied on Fengier's deposition, in which she

3

acknowledged she could see the hospital bed that was in the way, and she understood it was too heavy for her to lift up, but she attempted to move it anyway. Accordingly, Care Center argued any danger was so obvious that a person could reasonably be expected to see it, and she could not prove there was any duty relating to any existing concealed or latent dangerous condition of property.

Fengier opposed the summary judgment motion, contending that Care Center's evidence did not establish, as a matter of law, that it had satisfied its duty to properly warn visitors of the hazardous condition posed by the presence of the bed in the inspection area, or to provide a safe condition of property. She submitted her own and a fellow employee's declaration, stating they routinely had to move obstructions in the mechanical room, and Fengier opined she had acted reasonably in moving the bed, since she and her colleagues had been able to do so several times in the past without any problem.

In her opposition, Fengier also generally raised statutory arguments that an employer has a duty to provide a safe place for employees. (See, e.g., Lab. Code, § 6400, subd. (a) ["Every employer shall furnish employment and a place of employment that is safe and healthful for the employees therein."]; Lab. Code, § 6304.) She also argued that Care Center owed a heightened duty to abide by the California Fire Code, to ensure that the area surrounding electrical service equipment should be kept clear, and that Care

4

Center's own fire prevention policy warns that its employees should be aware of the problems of cluttered rooms and hallways.[1]

In response to Fengier's opposition, Care Center filed reply papers objecting to any reliance on the Labor Code, since that was an issue not pled in the complaint, and she was not its employee, but worked for a contractor, and had initiated a workers' compensation claim. Care Center also reiterated that there was no evidence supporting a claim of failure to warn. In her deposition, Fengier had admitted that the bed was "too heavy" for her to pick up, so Care Center argued she could not now say in her declaration that she thought she had acted "reasonably."

Care Center filed evidentiary objections to Fengier's declaration, on the grounds that it contradicted her deposition testimony and she was not qualified to give an opinion on the reasonableness of her conduct. Regarding the fellow employee's declaration, Care Center objected that he was not a percipient witness and was not qualified to address the issues raised by the motion. The trial court sustained these evidentiary objections.[2]

After hearing argument, the trial court granted Care Center's motion, finding as a matter of law that Fengier had not created any triable issues of material fact on the breach

[1]    Fengier cites to the "California Fire Code," which is found as an appendix to the California Code of Regulations, as will be further discussed *post*. (Cal. Code Regs., tit. 24 (appen. consists of 12 parts, including Fire Code; http://www.bsc.ca.gov/codes.aspx [as of Dec. 13, 2013]).)

[2]    Normally, we would review the trial court's evidentiary rulings under a standard of abuse of discretion. (*Carnes v. Superior Court* (2005) 126 Cal.App.4th 688, 694; *Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.) However, Fengier has not made any evidentiary arguments and we need not discuss that portion of the ruling.

of any duty of care, since the alleged dangerous condition was open and obvious. Any issues concerning the Fire Code provisions had been mooted by that ruling. The court did not find it necessary to rule upon her statutory arguments concerning the Labor Code, since they were not pled, and she was not an employee of the defendant. Judgment was entered accordingly and she appealed.

DISCUSSION

Summary judgment is proper if no triable issue of fact is shown by all the papers submitted, such that the moving party is entitled to judgment as a matter of law. (*Orrick Herrington & Sutcliffe v. Superior Court* (2003) 107 Cal.App.4th 1052, 1056-1057.) Summary judgment rulings are reviewed de novo. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767.) The evidence is viewed in the light most favorable to the opposing party, and the court resolves any evidentiary doubts or ambiguities in its favor. (*Id*. at p. 768.)

Once the moving party has provided evidentiary submissions that show no material issues of fact require the process of a trial, the burden shifts to the opponent to show that a triable issue of one or more material facts exists. (§ 437c, subd. (p)(1); *Aguilar v. Atlantic Richfield Co*. (*Aguilar*) (2001) 25 Cal.4th 826, 853.) In opposing a summary judgment motion, a plaintiff may not rely upon the "mere allegations . . . of its pleadings" and instead must show by "specific facts" that the requisite triable issues of material fact are present. (§ 437c, subd. (p)(2); *Aguilar*, *supra,* at p. 849.) " 'As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate

6

error,' " through citations to the record and applicable authorities. (*Baines v. Moores* (2009) 172 Cal.App.4th 445, 455.)

I

*PREMISES LIABILITY LAW*

On appeal, Fengier argues the record contains sufficient evidence to raise triable issues of material fact on all her remaining negligence issues, concerning the duty of Care Center as a landowner to exercise reasonable care to maintain its property in a reasonably safe condition, so as not to expose a visitor to an unreasonable risk of injury. (*Barnes v. Black* (1999) 71 Cal.App.4th 1473, 1478 (*Barnes*); *Alcaraz v. Vece* (1997) 14 Cal.4th 1149, 1156 (*Alcaraz*).) A breach of such an established duty is negligence. (*Barnes, supra*, at p. 1478; *Sprecher v. Adamson Companies* (1981) 30 Cal.3d 358, 371-372.)

To prove the elements of a negligence cause of action, the plaintiff must show the defendant owed him or her a duty of care, the defendant breached that duty, and the breach was a legal cause of plaintiff's injuries. (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 477.) The existence of a duty of care in the particular circumstances of a case, "being a question of law, is particularly amenable to resolution by summary judgment." (*Parsons v. Crown Disposal Co.* (1997) 15 Cal.4th 456, 465, 472 (*Parsons*); *Ballard v. Uribe* (1986) 41 Cal.3d 564, 572, fn. 6.)

In deciding the existence and scope of a duty, the courts will not decide whether a particular injury was reasonably foreseeable in consideration of the particular conduct alleged. Rather, the courts must evaluate more generally, in light of applicable policy considerations, whether the condition of property was sufficiently likely to result in the

7

kind of harm suffered. (*Parsons*, *supra*, 15 Cal.4th at pp. 465, 476.) These policy considerations include the extent of the burden to the defendant to be imposed and the consequences to the community of imposing a duty to remedy such a danger. (*Krongos v. Pacific Gas & Electric Co*. (1992) 7 Cal.App.4th 387, 393 (*Krongos*).)

An illustration of the balancing test is found in *Danieley*, *supra*, 218 Cal.App.3d 111, dealing with facts involving a skier on a ski path that was bordered by trees. She lost control and fell, skidding into a tree, and sued the ski resort property owner. The court rejected the plaintiff family's assertion that the defendant had a duty to remove that tree, or that the defendant had so designed, groomed or maintained the ski path as to create "a hidden trap for anyone falling near the tree." (*Id*. at p. 125.) "There was no testimony or other evidence before the trial court about any hidden trap or path." (*Ibid.*) The danger was open and obvious, so the court followed the rule that " '. . . the owner of property, insofar as an invitee is concerned, is not an insurer of safety but must use reasonable care to keep his premises in a reasonably safe condition and give warning of latent or concealed perils.' " (*Id*. at p. 121, quoting *Brown v. San Francisco Baseball Club* (1950) 99 Cal.App.2d 484, 486.)

Under the circumstances disclosed by the current record, which are essentially undisputed, the existence of a duty of care as alleged is a threshold question of law, to be decided by the trial or appellate court in consideration of the relevant criteria outlined above. (*Castaneda v. Olsher* (2007) 41 Cal.4th 1205, 1214 (*Castaneda*); *Alcaraz, supra, 14* Cal.4th at p. 1162, fn. 4; *Barnes*, *supra*, 71 Cal.App.4th at p. 1478.)

## II

### *NO GENERAL DUTY TO REMEDIATE OPEN AND OBVIOUS CONDITION*

#### A.  Applicable Principles

Property owners have a general duty to keep their premises in a reasonably safe condition and to warn those coming onto the property of latent or concealed perils. (*Lucas v. George T.R. Murai Farms, Inc.* (1993) 15 Cal.App.4th 1578, 1590.)  Where, however, a "danger is so obvious that a person could reasonably be expected to see it, the condition itself serves as a warning" and the property owner has no duty to warn of the condition.  (*Krongos*, *supra*, 7 Cal.App.4th 387, 393.)  Fengier concedes this is not a duty to warn case.

However, Fengier continues to argue that even without a duty to warn, these circumstances nevertheless justify charging Care Center with a duty to have remedied the alleged dangerous condition, and some triable issues remain on breach of such a duty. "[U]nless there is a breach of duty, there can be no tort liability."  (*Osborn v. Mission Ready Mix* (1990) 224 Cal.App.3d 104, 121-122 (*Osborn*).)  A ruling on the existence of a particular duty "depends upon various policy considerations, the most important of which is the foreseeability of injury to another.  [Citation.]  Thus, although the obviousness of a danger may obviate *the duty to warn* of its existence, if it is foreseeable that the danger may cause injury despite the fact that it is obvious (e.g., when necessity requires persons to encounter it), there may be *a duty to remedy* the danger, and the breach of that duty may in turn form the basis for liability, if the breach of duty was a proximate cause of any injury."  (*Id*. at p. 122; italics added and omitted.)

9

In *Osborn,* the court further explained that for purposes of duty analysis, evaluating foreseeability requires an acknowledgement that "even an obvious danger may cause injury." (*Osborn, supra,* 224 Cal.App.3d at p. 121.) In some instances, a person might foreseeably choose to encounter an obvious danger, if there is a practical necessity for encountering the danger and the apparent risk involved is not great. Under such circumstances, it may be appropriate for the courts to enforce a duty to remedy such dangerous conditions. The courts will consider the foreseeability of injury "along with various other policy considerations such as the extent of the burden to the defendant and consequences to the community," and in some cases, this " 'may lead to the legal conclusion that the defendant "owes a duty of care 'to all persons who are foreseeably endangered by his conduct, with respect to all risks which make the conduct unreasonably dangerous.' " ' " (*Ibid.*; see *Donohue v. San Francisco Housing Authority* (1993) 16 Cal.App.4th 658, 665 (*Donohue*) ["while a readily apparent danger may relieve the property owner of a duty to warn, it no longer necessarily absolves him of a duty to remedy that condition;" italics omitted]; *Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 461.)

In *Martinez v. Chippewa Enterprises, Inc.* (2004) 121 Cal.App.4th 1179, 1184-1185 (*Martinez*), the plaintiff was injured when she slipped on the defendant's wet sidewalk, which provided principal access to a public office building. The trial court granted a defense summary judgment motion, but was reversed on appeal, because the key facts on duty that had been presented remained in conflict (e.g., the source of water spilling onto defendant's property), and thus the question of foreseeability and duty could not yet be resolved as a matter of law: "The only facts defendant presented bearing on

10

foreseeability were a series of photographs of the distinctly wet if not puddled end and apron of the driveway.  Once again, the facts before the trial court and this court did not warrant a conclusion that defendant neither possessed nor breached a duty of care in this connection."  (*Id*. at p. 1185.)

### B.  Analysis

Here, it is not disputed that Care Center's general duty to exercise ordinary care to maintain its premises in a reasonably safe condition did not include any duty to warn Fengier about the obvious presence of the bed in the mechanical room.  We conclude Care Center showed that its duties did not include a specific duty to remedy the obvious condition of property in the mechanical room, such as the obvious presence of the bed. First, there was nothing illegal about storing business-related items (a hospital bed) in the mechanical room.  The record establishes that Fengier was not required to complete her inspection when she was unable to freely access the electrical control panel; instead, it was her practice, when working on her own, to have Care Center's maintenance staff move the obstructions.  When she was accompanied by a coworker, she sometimes assisted the coworker in moving the obstructing items, but she was not required by Care Center to do so.  She reported the obstructions in her inspection notes.  On this record, she cannot show that she was brought under a "necessity" to confront a dangerous condition, such as the plaintiffs in *Osborn, supra*, 224 Cal.App.3d 104, and *Martinez, supra*, 121 Cal.App.4th 1179, were able to allege.  Rather, she could choose not to complete the inspection.

11

Next, Fengier cannot establish that Care Center had a heightened duty, as an employer, to provide her with consistently unobstructed premises simply because she was a business visitor conducting her work for another employer. Care Center took other measures, such as making its maintenance staff available to provide access to the fire alarm control panel, to allow her to complete her work. We cannot say as a matter of law that instead, a heightened duty existed to allow continuous, unobstructed access, under the circumstances shown.

Care Center sufficiently established through its moving papers that it did not breach its duty to use ordinary care in the management of the premises. Accordingly, the burden of persuasion was properly shifted to Fengier to demonstrate one or more triable issues of material fact on the existence of Care Center's negligence. We next examine Fengier's opposition to determine if she successfully raised any triable issues of material fact to preclude a grant of summary judgment.

Fengier mainly contends that her admission that she knew the hospital bed was too heavy to lift does not define the hazard that it presented as "open and obvious," since she was trying to roll it, not lift it, and had been able to do so safely before. She claims she did not create her own hazard, but encountered one against which Care Center should have been able to protect her, but instead, it provided an unsafe workplace for her to visit.

In *Kinsman v. Unocal Corp.* (2005) 37 Cal.4th 659, 674-675, the Supreme Court restricted this type of potential liability: A landowner/hirer can be held liable to a contractor's employee, even if it does not retain control over the work, only if "(1) it knows or reasonably should know of a concealed, preexisting hazardous condition on its

12

premises; (2) the contractor does not know and could not reasonably ascertain the condition; and (3) the landowner fails to warn the contractor."  If, instead, the independent contractor itself creates a harmful hazard, its employee cannot recover in negligence from the landowner/hirer.  (*Id.* at p. 675, fn. 3.)  Here, there was no such concealed condition, and Fengier knowingly chose to encounter the hazard, although she was not required to do so.  (See *Donohue, supra,* 16 Cal.App.4th 658, 665 ["[T]he 'obvious danger' exception to a landowner's ordinary duty of care is in reality a recharacterization of the former assumption of the risk doctrine, i.e., where the condition is so apparent that the plaintiff must have realized the danger involved, he assumes the risk of injury even if the defendant was negligent. . . .  [T]his type of assumption of the risk has now been merged into comparative negligence."; italics omitted].)  On this record, nothing that Care Center did or did not do increased the risk posed to Fengier, as a visitor, by the open and obvious condition of a heavy hospital bed nearby the inspection area.

To redefine the scope of the duty to be imposed, Fengier relies on Labor Code section 6304.5, which states the Legislature's intent that occupational safety and health standards and orders that are applicable to proceedings against employers, for the exclusive purpose of maintaining and enforcing employee safety, are nevertheless subject to judicial notice and negligence per se rules.  (Evid. Code, §§ 452, 669; see *Elsner v. Uveges* (2004) 34 Cal.4th 915, 928 [amended language of Labor Code section 6304.5 indicates that Cal-OSHA provisions, like other statutes or regulations, may be admissible for establishing duties of care in negligence actions]; see also *Gravelin v. Satterfield*

13

(2011) 200 Cal.App.4th 1209, 1218-1219 [on issue of whether cited regulation was designed to prevent a particular harm].)

Based on these rules, Fengier contends the nature of her job required her to proceed with the fire alarm inspection, and public policy and regulations should support the adequate performance of such a function. "The duty analysis . . . requires the court in each case (whether trial or appellate) to identify the specific action or actions the plaintiff claims the defendant had a duty to undertake. 'Only after the scope of the duty under consideration is defined may a court meaningfully undertake the balancing analysis of the risks and burdens present in a given case to determine whether the specific obligations should or should not be imposed on the landlord.' [Citation.]" (*Castaneda*, 41 Cal.4th at p. 1214, quoting *Vasquez v. Residential Investments, Inc.* (2004) 118 Cal.App.4th 269, 280.) On this record, in which no Labor Code issues were presented in the pleadings, this balancing test and these public policy concerns have not been successfully invoked by a statutory definition of the scope of the duty under consideration. The facts otherwise proven sufficiently establish the nature of the risk encountered by Fengier.

Once it can properly be determined that such a duty to remedy a condition of property must be imposed, the obviousness of the danger will become relevant on the issue of the injured person's comparative negligence. (*Krongos, supra*, 7 Cal.App.4th at p. 393.) Here, however, there is no occasion to address the issue of comparative negligence, because there is no foundation in the record for imposing a duty on Care Center to remedy this open and obvious condition of property. (*Danieley, supra,* 218 Cal.App.3d 111, 121 [an owner of property is not an insurer of safety but must use

reasonable care to keep the premises in a reasonably safe condition and give warning of latent or concealed perils].)

III

*NO ESTABLISHED BREACH OF ESTABLISHED DUTY*

Although the scope of a defendant's duty to keep the premises in a reasonably safe condition is a legal question for the court, "the trier of fact is to decide whether a breach of that duty caused plaintiff's alleged injuries . . . ." (*Alcaraz, supra*, 14 Cal.4th 1149, 1171 (conc. opn. of J. Mosk).) A determination of breach depends on the facts and circumstances of the particular case. (*Beck v. Kessler* (1965) 235 Cal.App.2d 331, 336.)

In its ruling, the trial court combined the duty and breach questions, concluding that the record did not support any conclusion that Care Center breached a duty of care to the plaintiff, since the alleged dangerous condition was open and obvious. Even assuming this court could have concluded such a duty to remedy had been created, we would still find no sufficient evidence was presented to justify sending the case to a trier of fact on whether a breach of a duty caused these alleged injuries. (See *Alcaraz, supra*, 14 Cal.4th 1149, 1171 (conc. opn. of J. Mosk).) We explain.

Fengier contends that evidentiary presumptions on the issue of breach of duty should arise from the text of the California Fire Code. (Cal. Code Regs., tit. 24, § 605, "Electrical Equipment, Wiring and Hazards" (with stated exceptions).) In particular, Fengier cites section 605.3, which defines "Working space and clearance": "A working space of not less than 30 inches (762 mm) in width, 36 inches (914 mm) in depth and 78 inches (1981 mm) in height shall be provided in front of electrical service equipment.

15

Where the electrical service equipment is wider than 30 inches (762 mm), the working space shall not be less than the width of the equipment.  No storage of any materials shall be located within the designated working space."

There are several problems with Fengier's argument, and with her related argument about the Labor Code standards applicable to a place of employment.  (Lab. Code, § 6400 [requiring safe employment premises].)  Without the establishment of an alleged specific duty toward the plaintiff, evidentiary issues about any breach of such duty cannot be addressed.  There is no factual support for the application of the Fire Code to these facts, with respect to the dimensions of the mechanical room area or access near the electrical control panel.  Similarly, no evidentiary presumptions on the issue of breach of duty may arise from the cited sections of the Labor Code, since the record establishes that there was no employment status here, except that Fengier's employer was an independent contractor.

In any case, we review only the trial court's ruling, and not its reasons.  (*Davey v. Southern Pacific Co.* (1897) 116 Cal. 325, 329.)  Therefore, a judgment correct in theory will be affirmed, even though the trial court's reasoning may have been erroneous.  (*Western Mutual Ins. Co. v. Yamamoto* (1994) 29 Cal.App.4th 1474, 1481.)  As explained above, the preliminary issues on duty may properly be determined as a matter of law, in favor of Care Center.  Nor, under the facts and circumstances of the particular case, does the record support any conclusion that Care Center breached such a duty of care to Fengier, regarding the maintenance or remediation of any alleged dangerous, open and obvious condition.

16

DISPOSITION

The judgment is affirmed.  Care Center to recover costs on appeal.


HUFFMAN, Acting P. J.

WE CONCUR:


AARON, J.


IRION, J.

17