[No. D027743. Fourth Dist., Div. One. May 11, 1999.]

JAMES BARNES, SR., et al., Plaintiffs and Appellants, v.
THOMAS A. BLACK, Individually and as Trustee, etc., et al., Defendants
and Respondents.

## Counsel

Finkelstein & Finkelstein, Norman M. Finkelstein, Susan Finkelstein; and Mark C. Hinkley for Plaintiffs and Appellants.

Chapin, Fleming & Winet, Aaron H. Katz, Shirley A. Gauvin and Frank L. Tobin for Defendants and Respondents.

## Opinion

**WORK, J.**—James Barnes, Sr., Cynthia Barnes, and Tiona Treadway, a minor (collectively, Barnes), appeal a judgment in favor of Thomas A. Black, individually and as trustee for the Black Family Trust, the Black Family Trust and the Flying Hills Estates (collectively, Black) after summary adjudication of causes of action for negligence, premises liability, and negligent infliction of emotional distress. Barnes contends Black failed to satisfy its burden to negate the duty of care as a matter of law. Barnes also contends the trial court abused its discretion by denying leave to amend the complaint after granting summary adjudication. We reverse.

## Factual and Procedural Background

The following facts are viewed in the light most favorable to Barnes as the opposing party in accordance with the standard of review on appeal after summary adjudication (discussed, *post*).

### The Apartment Complex

James Barnes, Jr., (James) and his family were residents of an apartment complex owned by the Black Family Trust located on Cuyamaca Avenue in El Cajon. A private sidewalk in front of the apartment buildings leads to a small children's play area. A steep driveway adjacent to the sidewalk slopes downward to Cuyamaca Avenue, a busy four-lane public street. There is no fence or other barrier between the sidewalk and the driveway. The sidewalk, play area, and driveway all are within the grounds of the apartment complex.

Several residents complained to the apartment manager, who informed the owner, of the danger presented when children rode bicycles and other wheeled vehicles along the sidewalk to the play area, passing by the steep driveway. Some children were seen careening down the driveway on wheeled vehicles, either out of control or intentionally, who would stop before entering the street by diving onto the grass.

### The Accident

James was riding a "big wheel" tricycle back and forth along the sidewalk within the apartment complex, with his sister Tiona running along beside him. James apparently lost control when the big wheel suddenly veered off the sidewalk, down the slope of the driveway, and into Cuyamaca Avenue, where he was struck by an automobile. He later died from his injuries.

### Barnes's Complaint Against Black

Barnes sued Black in December 1994. Barnes's first amended complaint alleges causes of action for negligence, premises liability, products liability, negligent infliction of emotional distress, intentional infliction of emotional distress, and various renter's remedies.

### Black's Motion for Summary Adjudication

Black moved for summary adjudication of the causes of action for negligence, premises liability, products liability, negligent infliction of emotional distress, and intentional infliction of emotional distress. The only evidence

offered in support of the motion was evidence the injury occurred in the public street and not on premises owned or controlled by Black. The trial court granted the motion against the causes of action for negligence, premises liability, products liability, and negligent infliction of emotional distress.[1]

Barnes later moved for reconsideration of the order and requested leave to amend the complaint, which the trial court denied.

*The Judgment*

Barnes dismissed with prejudice the causes of action remaining after summary adjudication. The trial court entered judgment in favor of Black in July 1996. Barnes appeals the judgment.

## STANDARD OF REVIEW

■ Summary adjudication is properly granted when there is no triable issue of material fact as to a cause of action and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subds. (c), (f)(1).) A defendant is entitled to summary adjudication when it shows one or more elements of the plaintiff's cause of action cannot be established. (Code Civ. Proc., § 437c, subd. (o)(2).) Once the defendant meets that burden, the burden shifts to the plaintiff to set forth "specific facts" showing a triable issue of material fact exists. (*Ibid.*)

■ On appeal, we examine the facts presented to the trial court and determine their effect as a matter of law. (*Parsons* v. *Crown Disposal Co.* (1997) 15 Cal.4th 456, 464 [63 Cal.Rptr.2d 291, 936 P.2d 70].) We independently assess the correctness of the trial court's ruling, applying the same legal standard as the trial court. (*PMC, Inc.* v. *Saban Entertainment, Inc.* (1996) 45 Cal.App.4th 579, 590 [52 Cal.Rptr.2d 877].) We construe the moving party's affidavits strictly and the opponent's affidavits liberally, and resolve any doubts as to the propriety of granting the motion in favor of the opponent. (*Ibid.*)

## BLACK'S DUTY OF CARE

The existence of a duty of care is an essential element of Barnes's causes of action for negligence, premises liability, and negligent infliction of

---

[1]While the parties contend the trial court also granted summary adjudication against the cause of action for intentional infliction of emotional distress, the minute order and hearing transcript indicate the trial court did not grant summary adjudication of that cause of action.

emotional distress. (*Sprecher* v. *Adamson Companies* (1981) 30 Cal.3d 358, 362 [178 Cal.Rptr. 783, 636 P.2d 1121]; *Marlene F.* v. *Affiliated Psychiatric Medical Clinic, Inc.* (1989) 48 Cal.3d 583, 588 [257 Cal.Rptr. 98, 770 P.2d 278].) ■ Barnes contends Black owes its tenants a duty of reasonable care to avoid exposing children playing on the premises to an unreasonable risk of injury on a busy street off the premises and Black failed to satisfy its burden on summary adjudication to negate the duty of care. Black contends as a matter of law it owes no duty of care to protect its tenants from an unreasonable risk of injury off the premises on a public street over which Black has no control. Black contends specifically it owes no duty to erect a fence to protect persons on the premises from dangers on a public street off the premises. We agree with Barnes.[2]

■ A landowner owes a duty to exercise reasonable care to maintain his or her property in such a manner as to avoid exposing others to an unreasonable risk of injury. (*Alcaraz* v. *Vece* (1997) 14 Cal.4th 1149, 1156 [60 Cal.Rptr.2d 448, 929 P.2d 1239]; *Sprecher* v. *Adamson Companies, supra*, 30 Cal.3d at pp. 371-372; *Scott* v. *Chevron U.S.A.* (1992) 5 Cal.App.4th 510, 515 [6 Cal.Rptr.2d 810].) The failure to fulfill the duty is negligence. (*Sprecher* v. *Adamson Companies, supra*, 30 Cal.3d at pp. 371-372.) The existence of a duty of care is an issue of law for the court. (*Alcaraz* v. *Vece, supra*, 14 Cal.4th at p. 1162, fn. 4.)

■ The following factors determine the scope of the landowner's duty of care under the relevant circumstances: the foreseeability of harm to the injured party; the degree of certainty he or she suffered injury; the closeness of the connection between the defendant's conduct and the injury suffered; the moral blame attached to the defendant's conduct; the policy of preventing future harm; the extent of the burden to the defendant and the consequences to the community of imposing a duty of care with resulting liability for breach; and the availability, cost, and prevalence of insurance for the risk involved. (*Rowland* v. *Christian* (1968) 69 Cal.2d 108, 113 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496].)

■ A landowner's duty of care to avoid exposing others to a risk of injury is not limited to injuries that occur on premises owned or controlled by the landowner. Rather, the duty of care encompasses a duty to avoid exposing persons to risks of injury that occur off site if the landowner's property is maintained in such a manner as to expose persons to an unreasonable risk of injury offsite. (*McDaniel* v. *Sunset Manor Co.* (1990) 220 Cal.App.3d 1, 7-8 [269 Cal.Rptr. 196]; *Swanberg* v. *O'Mectin* (1984) 157

---

[2]In light of this ruling, we do not address the issue of Barnes's request for leave to amend the complaint.

Cal.App.3d 325, 330 [203 Cal.Rptr. 701].) The *Rowland* factors determine the scope of a duty of care whether the risk of harm is situated on site or off site. (*McDaniel* v. *Sunset Manor Co.*, *supra*, 220 Cal.App.3d at pp. 7-8.)

██ Black has not satisfied its burden to negate a duty of care. Black's only evidence offered in support of the motion for summary adjudication is that the injury occurred on a public street over which Black had no control, and not on Black's property. This fact is not dispositive under the *Rowland* analysis. Black does not offer any evidence to show the injury was not foreseeable, the injury was not actually suffered, or the slope of the driveway and configuration of the sidewalk, play area, and driveway were not closely connected to the injury, or to negate any of the other *Rowland* factors.

Black contends there is no close connection between its conduct and James's injury, but fails to offer any evidence to negate the allegations the sidewalk commonly used by children coming and going to the play area and situated at the top of a steep driveway leading to a busy street, without a fence or other barrier between the sidewalk and the driveway, created a dangerous condition that contributed to the injury.

Black contends a landowner owes no duty to erect a fence to protect children from dangers off site, citing *Brooks* v. *Eugene Burger Management Corp.* (1989) 215 Cal.App.3d 1611, 1624 [264 Cal.Rptr. 756]. *Brooks* does not support the broad proposition Black proposes. *Brooks* involved a child who was struck by an automobile after walking into the street in front of an apartment building. (*Id.* at p. 1615.) The plaintiff did not allege the configuration of the defendant's property ejected the child into the street against his will or otherwise affirmatively caused the child to enter the street, as here. The court concluded the dangerous condition existed not on the defendant's property but, rather, on the adjacent public street and, therefore, the landowner owed no duty of care. (*Id.* at p. 1624.) While the court did not explain this conclusion in terms of the *Rowland* factors, it is apparent there was no close connection between the defendant's conduct and the child's injuries and little or no moral blame attached to the defendant's conduct.

Black cites *Brooks*'s reference to the absence of any statute, rule, or ordinance or general common law requiring a landowner to fence the property. The absence of such laws does not preclude a duty of care from arising in the particular circumstances of this case under the *Rowland* factors.

Black cites several other cases involving the failure to take affirmative action to protect persons from dangerous conditions on adjacent property.

(*Rosenbaum* v. *Security Pacific Corp.* (1996) 43 Cal.App.4th 1084, 1091 [50 Cal.Rptr.2d 917]; *Owens* v. *Kings Supermarket* (1988) 198 Cal.App.3d 379 [243 Cal.Rptr. 627]; *Steinmetz* v. *Stockton City Chamber of Commerce* (1985) 169 Cal.App.3d 1142, 1145-1147 [214 Cal.Rptr. 405]; *Nevarez* v. *Thriftimart, Inc.* (1970) 7 Cal.App.3d 799, 805 [87 Cal.Rptr. 50].) Those cases are distinguishable, as Barnes alleges the injury was a result of his child being ejected from Black's premises by its dangerous configuration at a point where resident young children were known to ride wheeled toys. (See *Scott* v. *Chevron U.S.A., supra,* 5 Cal.App.4th at p. 518.)

Finally, Black contends it has no duty where an "intervening force" beyond its control causes injury. Contrary to Black's argument, the instrumentality that causes the injury need not be within the defendant's control to give rise to a duty of care under the *Rowland* analysis. (*Alcaraz* v. *Vece, supra,* 14 Cal.4th at pp. 1155-1156.)

### DISPOSITION

The judgment is reversed. Barnes is entitled to costs on appeal.

Kremer, P. J., and Benke, J., concurred.