Filed 9/6/13  Chavez v. Solomon CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JUAN P. CHAVEZ et al.,<br><br>      Plaintiffs and Respondents,<br><br>      v.<br><br>DAVID SOLOMON,<br><br>      Defendant and Appellant. | B240549<br><br>(Los Angeles County<br>Super. Ct. No. TC023412) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rose A. Hom, Judge.  Affirmed.

Arthur D. Hodge for Defendant and Appellant.

Law Offices of Ramin R. Younessi and Gabriel J. Pimentel for Plaintiffs and Respondents.

\* \* \* \* \* \* \* \* \*

Defendant and appellant David Solomon challenges a jury award against him and in favor of plaintiffs and respondents, a mother and her son, who lived next door to defendant's partially constructed house. (Defendant did not occupy the property.) Plaintiffs alleged defendant's negligence in failing to prevent a fire hazard on his property caused them damages when a fire that started on his property spread to their property. The jury awarded a total of $12,883 to the son and $3,400 to the mother. Defendant's primary contention on appeal is that the court erred in submitting the negligence cause of action to the jury because defendant owed no duty to prevent the harm to plaintiffs as a matter of law.

Defendant contends he owed no duty of care to prevent plaintiffs' damages since plaintiffs did not sustain the alleged damages on property that defendant owned or controlled, but on their own property. Defendant further argues the law does not impose a duty to warn or protect neighbors from a fire of unknown cause that broke out when he was absent from the property and about which he had no notice. In particular, defendant contends the law does not impose liability for the criminal acts of third parties who may have started the fire while they trespassed on his property.

Contending that plaintiffs knew as well as he did that transients sometimes loitered in his partially constructed dwelling, defendant asserts he had no duty to warn of the risk that a trespasser might start a fire; therefore, the trial court prejudicially erred in refusing to instruct the jury with CACI No. 1004 in the premises liability series of civil jury instructions concerning the absence of a duty to warn of an open and obvious condition.

Last, defendant asserts error in the admission of evidence to support plaintiffs' damages claims and also contends no substantial evidence supports the damages award.

Finding no error, we affirm the judgment.

### DISCUSSION

Defendant misperceives the scope of a landowner's duty to prevent harm to others. California law does not hold a landowner free of liability for any and all harm occurring off the landowner's property. The Supreme Court opinion in *Rowland v . Christian* (1968) 69 Cal.2d 108 (*Rowland*) established that the contemporary premises liability test

2

is whether the landowner acted as a reasonable person in managing the property in view of the probability of injury to others. Liability is decided by balancing a number of considerations. "[T]he major ones are the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." (*Id.* at pp. 112-113.)

There is no free pass on liability for injury occurring off site of the premises owned by a defendant. (See *Barnes v. Black* (1999) 71 Cal.App.4th 1473, 1478-1479 ["A landowner's duty of care to avoid exposing others to a risk of injury is not limited to injuries that occur on premises owned or controlled by the landowner. Rather, the duty of care encompasses a duty to avoid exposing persons to risks of injury that occur off site if the landowner's property is maintained in such a manner as to expose persons to an unreasonable risk of injury offsite"]; *McDaniel v. Sunset Manor Co.* (1990) 220 Cal.App.3d 1, 7-8 [the *Rowland* factors determine the scope of a duty of care whether the risk of harm is situated on site or off site].)

We may summarily dispose of defendant's arguments that he had no duty to warn plaintiffs of the risk of a fire breaking out on his property, and that the court erred in not instructing the jury with CACI No. 1004 concerning the absence of a duty to warn of an open and obvious condition. Plaintiffs did not allege or try to prove defendant breached the duty to warn of a dangerous condition on his property. Instead, plaintiffs' case rested on defendant's duty to *prevent* the risk of fire on his property spreading to their property. As the duty to warn was not in dispute, the trial court committed no prejudicial error in refusing to instruct on that theory of liability.

Defendant frames his arguments regarding premises liability as pure questions of law and presents no substantial evidence challenge as to liability, so we need not discuss

3

the evidence supporting the jury's findings that he was liable for plaintiffs' injuries in this case.

We turn to defendant's claims of error in the jury's damages award. The jury awarded $11,683 to repair four vehicles that were damaged in the fire. Defendant argues the court prejudicially erred by admitting evidence of the cost to repair the vehicles because the vehicles were total losses and the cost of repairs exceeded their fair market value. But there was no evidence the vehicles were total losses. The only proffered evidence to this effect was the testimony of one of the plaintiffs that, about two weeks after the fire, he took his cars to two different body shops, and at one of the shops, he was told the cars were total losses. But on defendant's hearsay objection, the court struck this testimony.

Defendant also argues plaintiffs were only entitled to recover the fair market value, or assessed value of the cars, not the cost to repair them. This claim of error was forfeited because defendant did not object at trial that evidence of the cost to repair the vehicles was inadmissible as a matter of law or that the only permissible measure of damages was fair market value. At an Evidence Code section 402 hearing, defendant objected that plaintiffs' expert lacked expertise, and thus, there was no foundation for his testimony, and that the expert's opinion was irrelevant because it was based on an inspection of the cars three and a half years after the fire. Defendant also complained that he did not take the deposition of the expert before trial, although plaintiffs had disclosed the identity of their expert witness and neither party demanded an exchange of expert witness discovery.

But defendant never objected that evidence of the cost to repair the vehicles was inadmissible on the ground that plaintiffs were only entitled to recover the appraised or fair market value. As the objection was not preserved in the trial court, it may not be raised for the first time on appeal. Therefore, we will not discuss the evidence and arguments on the merits of the question whether plaintiffs could only recover fair market value and not the cost to repair the vehicles.

Defendant also argues the $11,683 award to repair the four vehicles was excessive because the award exceeded the fair market value of the cars, but we will not consider that argument on appeal either because it has no support in the evidence. Defendant himself points out repeatedly there is no evidence in the record of the fair market value of the vehicles. Without evidence of the fair market value of the vehicles, there is no basis to find the cost of repair exceeded the fair market value.

Last, defendant argues there is no substantial evidence to support the damages award. In assessing whether substantial evidence exists, the appellate court views all factual matters in the light most favorable to the prevailing party, resolving all conflicts and indulging all reasonable inferences from the evidence to support the judgment. (*Western States Petroleum Assoc. v. Superior Court* (1995) 9 Cal.4th 559, 571.) Defendant did not provide a full and fair summary of the damages evidence in the record. Worse, defendant has distorted and misconstrued the evidence. For example, defendant offers no citation to the reporter's transcript to support his argument that no evidence supported the verdict in favor of the plaintiff mother. As another example, defendant's claim that no substantial evidence supported the award for cost to repair the four vehicles rests on the argument that the vehicles were total losses, for which there is no support in the evidence.

An appellant may not include only favorable evidence in his brief rather than all "significant facts" as required by the California Rules of Court. (Rule 8.204(a)(2)(C).) An appellant's failure to state all of the evidence fairly in his brief waives the alleged error. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881; *County of Solano v. Vallejo Redevelopment Agency* (1999) 75 Cal.App.4th 1262, 1274.) We find defendant has waived the right to appellate review of the adequacy of the damages evidence by failing to adequately present the record in his appellate brief and by misrepresenting the record facts.

We briefly address one last point. Defendant did not frame an appellate issue regarding the improper admission of evidence of insurance, but generally complains that the trial court should have granted his motion for mistrial after plaintiff's damages expert

5

uttered the word "insurance" one time. When defendant's counsel asked the expert if it was his opinion that the vehicles could have been repaired within two weeks of the fire, the expert replied, "If an insurance company had something to do with it, it would not have been repaired." With the consent of counsel, the court immediately instructed the jury with CACI No. 5001 that they must not consider whether either party had insurance. We agree with the trial court that this brief reference to insurance did not warrant a mistrial or otherwise prejudice the defense. The jury likely understood the comment to mean an insurance company would not have covered the cost to repair the vehicles because they were a total loss, and if the jury believed that, they would not award all the costs of repair that plaintiffs sought to recover.

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal.


GRIMES, J.


We concur:


BIGELOW, P. J.


RUBIN, J.


6