Filed 11/14/14; pub. order 12/5/15 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| EILEEN ANNOCKI et al., | B251434 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. SC112366) |
| v. | |
| PETERSON ENTERPRISES, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Amy D. Hogue, Judge. Reversed.

Liddy Law Firm, Donald G. Liddy; Johnston & Hutchinson and Thomas J. Johnston for Plaintiffs and Appellants.

Early, Maslach & O'Shea, James Grafton Randall; Law Offices of Roxanne Huddleston and Roxanne Huddleston for Defendant and Respondent.

_____

Plaintiffs Eileen Annocki and Joseph Annocki appeal judgment of dismissal of their third amended complaint (TAC) for damages based on the death of their son Joseph M. Annocki. The trial court held that defendant Peterson Enterprises, LLC (defendant) had no duty to plaintiffs' decedent, who was killed in an automobile accident by a patron leaving defendant's restaurant. We reverse, finding that plaintiffs should be permitted to amend their complaint to allege additional facts.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

*1. Plaintiffs' TAC*

Plaintiffs are the parents of decedent Joseph M. Annocki. Defendant operates a restaurant known as "Geoffrey's" in Malibu.

On March 16, 2011, at 8:45 p.m., plaintiffs' decedent was operating a motorcycle on Pacific Coast Highway in Malibu when it collided with a vehicle operated by Terry Allen Turner. Turner was exiting the parking lot of Geoffrey's.

The median of the roadway is lined with "Q[w]ik Kurb" paddles (temporary traffic dividers) and the highway has a speed limit of 45 to 55 miles per hour. Plaintiffs allege that Turner was confused when exiting the parking lot and attempted to make a left hand turn instead of a right hand turn. At the time of the accident, plaintiffs allege, defendant failed to adequately staff the parking lot; the parking lot had only one attendant on duty and no one was present to direct or assist Turner in exiting the parking lot; and defendant chose profits over public safety by failing to pay the additional $8 per hour to have another attendant on duty.

Plaintiffs alleged that defendant knew, or should have known in the exercise of reasonable care, that its parking lot and driveway were designed and in such condition as to create a danger of decreased visibility of the adjacent highway. Plaintiffs further alleged defendant knew of its patrons' difficulties in safely navigating and exiting Geoffrey's parking lot, and failed to adequately provide signage directing patrons to the safest exit and failed to provide signage that only right turns could be made onto the adjacent highway.

2

The TAC alleged claims for wrongful death and dangerous condition of public property.[1]

### 2. Defendant's Demurrer

Defendant demurred, contending plaintiffs had alleged no facts showing they had a duty to warn of any alleged dangerous conditions on the adjacent roadway. Defendant asserted that it had no duty to post signs and plaintiffs had not alleged facts establishing the accident was foreseeable.

Plaintiffs' opposition asserted that the duty of care encompassed a duty to warn of risk of injury occurring offsite if the landowner's property was maintained in such a manner as to expose persons to an unreasonable risk of injury offsite, citing *Barnes v. Black* (1999) 71 Cal.App.4th 1473, 1478–1479, and the factors set forth in *Rowland v. Christian* (1968) 69 Cal.2d 108, demonstrated a duty existed. Simultaneously with the filing of their opposition, plaintiffs submitted a proposed fourth amended complaint to the court in which they alleged that Turner was attempting to make a left turn when he encountered the center divider, and then attempted to back into the driveway to turn his car in the correct direction. In addition, plaintiffs alleged the lot was inadequately staffed with valets and did not have signs stating "Wrong Way," "No Left Turn," and "Stop-Right Turn Only."

At the hearing, plaintiffs informed the court that Turner attempted to use the north driveway out of Geoffrey's when he left; this driveway is on a hill and the view of the highway is impaired. When Turner encountered the divider, he backed into the driveway. The trial court sustained the demurrer, finding that Pacific Coast Highway was inherently dangerous, and therefore if a business had a driveway on such a dangerous roadway there was no duty to warn about it.[2] The court dismissed the TAC against defendant.

---

[1] The complaint also named as defendants Turner and the California Department of Transportation. Those persons are not parties to this appeal.

[2] The record contains the court's tentative ruling on the previous demurrer, which was to the second amended complaint.

3

## DISCUSSION

Plaintiffs allege that they have alleged facts sufficient to establish that defendant had a duty of care that extended beyond the restaurant's property lines. Plaintiffs assert that they have alleged more than that Geoffrey's was merely adjacent to a busy roadway, in which case there would be no duty; rather, they have also alleged that Geoffrey's driveway was so configured that it could confuse motorists into believing they could make a left turn out of the restaurant when in fact they could not. Defendant argues that the accident was not foreseeable because Turner refused to use the valet service; signage would have been redundant given the center divider; and Geoffrey's could not control the traffic on the highway.

## I.      Standard of Review

"The function of a demurrer is to test the sufficiency of a pleading as a matter of law," and we apply the de novo standard of review in an appeal following the sustaining of a demurrer without leave to amend. (*Holiday Matinee, Inc. v. Rambus, Inc.* (2004) 118 Cal.App.4th 1413, 1420.) A complaint "is sufficient if it alleges ultimate rather than evidentiary facts," (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 550) but the plaintiff must set forth the essential facts of his or her case "'"with reasonable precision and with particularity sufficient to acquaint [the] defendant with the nature, source, and extent"'" of the plaintiff's claim. (*Doheny Park Terrace Homeowners Assn., Inc. v. Truck Ins. Exchange* (2005) 132 Cal.App.4th 1076, 1099.) Legal conclusions are insufficient. (*Id*. at pp. 1098– 1099; *Doe*, at p. 551, fn. 5.) "We assume the truth of the allegations in the complaint, but do not assume the truth of contentions, deductions, or conclusions of law." (*California Logistics, Inc. v. State of California* (2008) 161 Cal.App.4th 242, 247.) The existence and scope of duty are legal questions for the court. [Citation.]" (*Merrill v. Navegar, Inc*. (2001) 26 Cal.4th 465, 477.)

The trial court errs in sustaining a demurrer "if the plaintiff has stated a cause of action under any possible legal theory, and it is an abuse of discretion for the court to sustain a demurrer without leave to amend if the plaintiff has shown there is a reasonable possibility a defect can be cured by amendment." (*California Logistics, Inc. v. State of California*, *supra*,

161 Cal.App.4th at p. 247.) "To meet the . . . burden of showing abuse of discretion, the plaintiff must show how the complaint can be amended to state a cause of action.  [Citation.]  However, such a showing need not be made in the trial court so long as it is made to the reviewing court." (*Careau & Co. v. Security Pacific Business Credit, Inc*. (1990) 222 Cal.App.3d 1371, 1386.)  Logically, this showing can be made by materials in the record.

## II.     Discussion

As in a general negligence cause of action, a plaintiff bringing an action for premises liability based on a negligence theory must plead and prove that the defendant breached a duty of care owed to the plaintiff that proximately caused injury and damages.  (*Paz v. State of California* (2000) 22 Cal.4th 550, 559.)  Those who own, possess, or control property generally have a duty to exercise ordinary care in managing the property in order to avoid exposing others to an unreasonable risk of harm. (*Alcaraz v. Vece* (1997) 14 Cal.4th 1149, 1156.)

In *Rowland v. Christian*, *supra*, 69 Cal.2d 108, the court set forth the factual bases for finding a duty, and noted that analysis requires a "balancing of a number of considerations; the major ones are the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." (*Id.* at pp. 112–113.)

In most instances, where there is no control over the premises, there is no duty to exercise reasonable care to prevent injury. (*Hamilton v. Gage Bowl, Inc.* (1992) 6 Cal.App.4th 1706, 1711.)  Generally, "a landowner has no right to control and manage premises owned by another." (*Steinmetz v. Stockton City Chamber of Commerce* (1985) 169 Cal.App.3d 1142, 1147.)  Thus, usually, a landowner has no duty to prevent injury on adjacent property.  (See *Owens v. Kings Supermarket* (1988) 198 Cal.App.3d 379, 386 [no duty to customer struck by motorist on adjacent public street]; *Hamilton v. Gage Bowl, Inc.*, *supra*, 6

Cal.App.4th at p. 1714 [owner of parking lot not liable to customer injured by sign which fell from adjacent building].) Similarly, an adjacent landowner has no duty to warn of alleged dangers outside of his or her property if the owner did not create the danger. (*Seaber v. Hotel Del Coronado* (1991) 1 Cal.App.4th 481, 487–488 [hotel not liable for failure to warn patron who was killed crossing adjacent street to use parking lot frequented by guests].)

But there are exceptions to the general principle. In *Barnes v. Black*, *supra*, 71 Cal.App.4th 1473, a child who was killed by an automobile when the tricycle he was riding veered off the sidewalk, rolled down the steep driveway of the apartment complex where he lived into the street and into the path of an oncoming car. (*Id.* at p. 1476.) The court found the configuration of driveway, which was adjacent to a children's play area, made it foreseeable for a child to be ejected from the premises into the street. (*Id.* at pp. 1476, 1479.) *Barnes* observed that "[a] landowner's duty of care to avoid exposing others to a risk of injury is not limited to injuries that occur on premises owned or controlled by the landowner. Rather, the duty of care encompasses a duty to avoid exposing persons to risks of injury that occur offsite if the landowner's property is maintained in such a manner as to expose persons to an unreasonable risk of injury offsite. [Citations.]" (*Id.* at p. 1478.)

In *McGarvey v. Pacific Gas & Elec. Co.* (1971) 18 Cal.App.3d 555, a motorist was injured when an employee of defendant made a U-turn to avoid a difficult parking situation created by defendant's employees. Although it rejected the plaintiff's theory that the employer was negligent because it had created a dangerous condition when it failed to provide adequate parking for its employees, the court stated: "We need not, and do not, fix an inflexible rule by this decision. Circumstances can be conceived where an occupier of land could create automobile snarl-ups on his premises or unleash forces onto public streets the nature of which would require a court to say that injury to third persons was foreseeable and that a duty of care existed and was breached." (*Id* at. p. 562.)

Here, defendant argues that it had no duty to control the condition of the adjacent roadway, and could not place signs on the public roadway to indicate only a right turn was permitted. Defendant is correct. However, our analysis does not end there. This case is

analogous to *Barnes* because like *Barnes,* the property configuration here allowed restaurant patrons to leave Geoffrey's premises in a manner that was unsafe to themselves and others. The traffic dividers on the highway made a left turn out of the parking lot impossible, yet no signs were posted in Geoffrey's lot indicating to patrons that only a right turn could be made, nor did the valet on duty inform Turner that he could only make a right turn.

Further, our analysis of *Rowland* factors indicates that the facts here support finding defendant had a duty to warn patrons of the danger in exiting its parking lot as it was on notice of the dangerous conditions of the highway and the risk it posed to patrons leaving the restaurant as well as the danger to persons traveling the highway from a patron exiting the lot in an unsafe manner. First, given the center divider in the roadway, it was foreseeable that patrons exiting at night might not be aware of its presence and make an unsafe turn. At night the dividers in the road would be more difficult to see and patrons leaving the restaurant may have consumed alcohol. Second, an unsafe turn would likely cause harm either to the patron leaving the parking lot or persons on the roadway. Third, there is close connection between Geoffrey's failure to warn and the injury plaintiffs' decedent suffered. The remaining factors are closely connected: there is moral blame that can be attached to defendant's failure to take minimal, inexpensive steps to avert harm to its patrons and persons in the roadway. Prominent reflective signage and driveway paint would have done much to avoid the accident here.

We conclude that plaintiffs have made a sufficient showing of additional facts that may be alleged to establish that although defendants did not and could not control conditions on the highway, defendants had a duty to warn patrons leaving the restaurant that only a right turn could safely be made from the restaurant's exits. Thus, plaintiffs shall be given leave to amend their third amended complaint to state additional facts necessary to establish this duty.

**DISPOSITION**

The judgment is reversed. Plaintiffs shall be given an opportunity to amend their complaint to allege additional facts necessary to establish this duty. Appellants are to recover their costs on appeal.

JOHNSON, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| EILEEN ANNOCKI et al., | B251434 |
| | (Los Angeles County |
| Plaintiffs and Appellants, | Super. Ct. No. SC112366) |
| v. | CERTIFICATION AND |
| | ORDER FOR PUBLICATION |
| PETERSON ENTERPRISES, LLC, | |
| Defendant and Respondent. | |

The opinion in the above-entitled matter filed November 14, 2014, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

ROTHSCHILD, P. J.                CHANEY, J.                JOHNSON, J.