Filed 3/29/16  Townsend v. 333 Bayside CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL TOWNSEND,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>333 BAYSIDE, LLC et al.,<br><br>  Defendants and Respondents. | G051217<br><br>(Super. Ct. No. 30-2013-00625815)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Linda S. Marks, Judge.  Affirmed.

John L. Dodd & Associates, John L. Dodd, Andrea F. Jackson; Timothy J. Donahue and Ben Ekenes for Plaintiff and Appellant.

Veatch Carlson, Peter H. Crossin, David H. Ryan and John E. Stobart for Defendants and Respondents.

\*          \*          \*

Plaintiff and appellant Michael Townsend sued defendants and respondents (Defendants)[1] for injuries he suffered when a patron of Defendants' restaurants struck Townsend with her car. Townsend's complaint alleged the collision occurred in Defendants' parking lot and Defendants were liable because they breached their duty to control traffic and prevent drivers from speeding through their parking lot.

Defendants moved for summary judgment based on evidence showing the accident did not occur in their parking lot, but rather in the middle of an adjacent public street while Townsend was jaywalking. Defendants argued they had no duty to prevent an accident on property they did not own, possess, or control. In opposition, Townsend argued Defendants had a duty to maintain their parking lot in a manner that did not expose persons using the adjacent street to an unreasonable risk of injury. According to Townsend, that duty required Defendants to install speed bumps and a stop sign to prevent drivers from speeding out of Defendants' parking lot and potentially colliding with pedestrians such as Townsend. The trial court agreed with Defendants and granted the motion.

We affirm. Defendants met their initial burden on summary judgment by showing the accident did not occur in their parking lot as the complaint alleged, but rather on the adjacent public street. As the moving party seeking summary judgment, Defendants only were required to address the liability theories Townsend alleged in his complaint; they were not required to refute other potential liability theories Townsend failed to allege.

---

[1] Defendants and respondents are Russell E. Flutter; Russell E. Flutter Trustee % Newport Mama; Sol Cocina; Deborah Schneider; Sol Newport Beach, LLC; Sol Restaurants; Newport Beach, LLC; 3 Thirty 3 Newport Beach, Limited Partnership; 333 Bayside, LLC; Newport Blu, Inc.; 3 Thirty 3 Waterfront; Pacific Bayside Plaza, LLC; and Jeff Reuter.

Townsend's opposition did not establish a triable issue for two reasons. First, he forfeited his theory Defendants had a duty to prevent drivers from speeding out of Defendants' parking lot because he failed to allege it in his complaint and he did not seek leave to add it. Second, even ignoring Townsend's forfeiture, the evidence did not support this theory. The Vehicle Code required all drivers exiting Defendants' parking lot to stop before turning onto the adjacent public street. Townsend did not present any evidence showing Defendants knew drivers were failing to stop before exiting the parking lot and he did not point to any feature of Defendants' parking lot that discouraged or prevented drivers from stopping. Moreover, the undisputed evidence showed the driver who struck Townsend stopped before exiting the parking lot. Accordingly, the lack of a stop sign did not contribute to Townsend's injuries and Defendants had no duty to post one.

I

FACTS AND PROCEDURAL HISTORY

Sol Mexican Cocina and 3 Thirty 3 are two restaurants located on the corner of Pacific Coast Highway and Bayside Drive in Newport Beach, California. The two restaurants are in separate buildings with Sol Mexican Cocina facing Pacific Coast Highway and 3 Thirty 3 facing Bayside Drive. The restaurants share a single parking lot with approximately 70 parking spaces, and they employ the same valet company to park cars for their patrons. Defendants are the owners of the restaurants or the buildings in which they operate.

In May 2011, Danielle Costa met some friends for drinks and appetizers at Sol Mexican Cocina. She left her car with the valet when her group decided to take a taxi to visit other restaurants and bars in Newport Beach. At the evening's end, Costa took a taxi back to Sol Mexican Cocina. She originally intended to pick up her keys so she

3

could get into her house, and then return the next day for her car. But when a group of people took her taxi, she decided to drive home rather than wait for another cab.

Costa drove south through the parking lot toward an exit on Bayside Drive. At the same time, Townsend and two friends arrived at 3 Thirty 3. Rather than park in the lot Sol Mexican Cocina and 3 Thirty 3 shared, Townsend and his friends parked in a Starbuck's parking lot located across Bayside Drive from 3 Thirty 3 and walked across Bayside Drive a couple hundred feet south of its intersection with Pacific Coast Highway. Costa testified she was driving approximately five miles per hour through the parking lot, but one of Townsend's friends testified he heard Costa "racing" through the parking lot as they walked across Bayside Drive.

Townsend's friend further testified the design of the parking lot the two restaurants shared required Costa to drive south parallel to Bayside Drive and directly in front of 3 Thirty 3, make a sharp left turn to reach the exit to Bayside Drive, and then make a second left turn to exit onto northbound Bayside Drive toward Pacific Coast Highway. According to Townsend's friend, these two left turns amounted to a "very tight U-turn." Costa testified she came to a complete stop at the parking lot's exit before turning left onto Bayside Drive.

As Costa turned onto Bayside drive, she struck Townsend with her vehicle and severely injured him. Townsend's friend testified the collision occurred in the "dead center" of Bayside drive, which is a four-lane street. At the time of the collision, Costa's blood alcohol level exceeded the legal limit.

In January 2013, Townsend filed this action against Defendants, alleging claims for "Negligence – Premise Liability," "Violation – Civil Code 3493," "Negligence per se – violation CC 3493," and "Negligence per se – Violation Vehicle Code 23153."[2]

---

[2] Townsend also named the valet company, Special Parking Services, as a defendant, but it is not a party to this appeal. In a separate opinion, we previously reversed a summary judgment in Special Parking Services' favor because it was based on

4

Townsend's complaint did not allege the collision occurred in Bayside Drive, but rather repeatedly alleged it occurred in the parking lot for Sol Mexican Cocina and 3 Thirty 3. According to Townsend, Defendants owed a duty to prevent their patrons from speeding and striking pedestrians with their cars in Defendants' parking lot.

Defendants moved for summary judgment, arguing Townsend's claims failed as a matter of law because Defendants owed no duty to prevent an accident from occurring on an adjacent public street, no defect or dangerous condition existed in the parking lot, Defendants did not breach any duty they owed to Townsend, and Defendants did nothing to cause the accident. Townsend opposed the motion, claiming a triable issue existed on whether the parking lot was in a defective condition and contributed to the accident because the lot did not have speed bumps to prevent Costa from speeding and the lot did not have a stop sign at the exit instructing drivers to stop before exiting onto Bayside Drive.

The trial court granted the motion, finding Defendants had no duty to prevent an accident that occurred in the middle of an adjacent public street. After the trial court entered judgment, this appeal followed.

II

DISCUSSION

A.    *Standard of Review*

""""The purpose of a summary judgment proceeding is to permit a party to show that material factual claims arising from the pleadings need not be tried because they are not in dispute.""" (*Carlsen v. Koivumaki* (2014) 227 Cal.App.4th 879, 888 (*Carlsen*).) "A defendant moving for summary judgment bears the initial burden to show

---

inadmissible evidence. (*Townsend v. Special Parking Services, Inc.* (Sept. 30, 2015, G050298) [nonpub. opn.].) In addition, Townsend filed a separate, earlier action against Costa, but the record does not reveal how that case was resolved.

5

the plaintiff's action has no merit.  [Citation.]  The defendant can meet that burden by either showing the plaintiff cannot establish one or more elements of his or her cause of action or there is a complete defense to the claim.  [Citations.]  To meet this burden, the defendant must present evidence sufficient to show he or she is entitled to judgment as a matter of law."  (*Id.* at p. 889.)

"Once the defendant meets that burden, the burden shifts to the plaintiff to present evidence establishing a triable issue exists on one or more material facts. . . .  'An issue of fact can only be created by a conflict of evidence.  It is not created by "speculation, conjecture, imagination or guess work."  [Citation.]  Further, an issue of fact is not raised by "cryptic, broadly phrased, and conclusory assertions" [citation], or mere possibilities [citation].  "Thus, while the court in determining a motion for summary judgment does not 'try' the case, the court is bound to consider the competency of the evidence presented."  [Citation.]'  [Citation.]  Responsive evidence that 'gives rise to no more than mere speculation' is not sufficient to establish a triable issue of material fact."  (*Carlsen*, *supra*, 227 Cal.App.4th at pp. 889-890.)

"'""The function of the pleadings in a motion for summary judgment is to delimit the scope of the issues"'' and to frame 'the outer measure of materiality in a summary judgment proceeding.'  . . .  Accordingly, the burden of a defendant moving for summary judgment only requires that he or she negate plaintiff's theories of liability *as alleged in the complaint*; that is, a moving party need not refute liability on some theoretical possibility not included in the pleadings.  [Citations]  [¶]  Furthermore, '"""[t]he [papers] filed in response to a defendant's motion for summary judgment may not create issues outside the pleadings and are not a substitute for an amendment to the pleadings."'"""  (*Hutton v. Fidelity National Title Co.* (2013) 213 Cal.App.4th 486, 493 (*Hutton*); see *Nativi v. Deutsche Bank National Trust Co.* (2014) 223 Cal.App.4th 261, 290 (*Nativi*).)

6

"On an appeal from summary judgment, we review the record de novo. [Citation.] 'We need not defer to the trial court and are not bound by the reasons for [its] summary judgment ruling; we review the ruling of the trial court, not its rationale.'" (*Lattimore v. Dickey* (2015) 239 Cal.App.4th 959, 967.)

B.     *The Trial Court Properly Granted Defendants Summary Judgment*

1.     Defendants Met Their Initial Burden By Presenting Evidence Showing They Did Not Owe Townsend a Duty to Prevent the Accident

Defendants contend Townsend's claims fail as a matter of law because they had no duty to prevent an accident on property they did not own, possess, or control. To meet their initial summary judgment burden, Defendants presented evidence showing the accident occurred in the middle of Bayside Drive, not in their parking lot as alleged in the complaint. This evidence satisfies Defendants' initial burden.

Townsend's complaint asserted Defendants are liable on a premises liability theory because they negligently allowed Costa to speed through their parking lot and strike him with her vehicle. He alleged Defendants "undertook a duty to direct traffic at the subject property/parking lot . . . [and] to control the drivers and cars in the parking lot, where the subject incident occurred," but they "unreasonably and negligently owned, leased, entrusted, maintained, inspected, repaired, monitored, [e]quipped, adjusted, designed, arranged and used the parking lot, where the subject accident occurred." Townsend does not specifically allege any condition in the parking lot that caused the accident or what Defendants were supposed to do to prevent Costa from speeding through the parking lot.

"As in a general negligence cause of action, a plaintiff bringing an action for premises liability based on a negligence theory must plead and prove that the defendant breached a duty of care owed to the plaintiff that proximately caused injury and damages. [Citation.] Those who own, possess, or control property generally have a

7

duty to exercise ordinary care in managing the property in order to avoid exposing others to an unreasonable risk of harm." (*Annocki v. Peterson Enterprises, LLC* (2014) 232 Cal.App.4th 32, 37 (*Annocki*).) Whether a duty exists in a particular case is a question of law for the court to decide. (*Barnes v. Black* (1999) 71 Cal.App.4th 1473, 1478 (*Barnes*).)

"The following factors determine the scope of the landowner's duty of care under the relevant circumstances: the foreseeability of harm to the injured party; the degree of certainty he or she suffered injury; the closeness of the connection between the defendant's conduct and the injury suffered; the moral blame attached to the defendant's conduct; the policy of preventing future harm; the extent of the burden to the defendant and the consequences to the community of imposing a duty of care with resulting liability for breach; and the availability, cost, and prevalence of insurance for the risk involved." (*Barnes*, *supra*, 71 Cal.App.4th at p. 1478, citing *Rowland v. Christian* (1968) 69 Cal.2d 108, 113, superseded by statute on another point as stated in *Calvillo–Silva v. Home Grocery* (1998) 19 Cal.4th 714, 722; see *Annocki*, *supra*, 232 Cal.App.4th at p. 37.)

"In most instances, where there is no control over the premises, there is no duty to exercise reasonable care to prevent injury. [Citation.] Generally, 'a landowner has no right to control and manage premises owned by another.' [Citation.] Thus, usually a landowner has no duty to prevent injury on adjacent property. [Citations.] Similarly, an adjacent landowner has no duty to warn of dangers outside of his or her property if the owner did not create the danger." (*Annocki*, *supra*, 232 Cal.App.4th at p. 37; *Owens v. Kings Supermarket* (1988) 198 Cal.App.3d 379, 386 (*Owens*).)

For example, in *Owens*, the plaintiff sued to recover for injuries he suffered when he was pinned between two cars after double parking in the public street in front of the defendant's supermarket. The trial court sustained the defendant's demurrer without leave to amend on the ground the defendant owed no duty to prevent the accident because the defendant did not own, possess, or control the public street where the accident

8

occurred. (*Owens*, *supra*, 198 Cal.App.3d at pp. 381-383.) The *Owens* court affirmed, explaining "all premises liability is based [on the principle] that possession includes the attendant right to manage and control, thereby justifying the imposition of a duty to exercise due care in the management of the property. [Citations.] The courts, therefore, have consistently refused to recognize a duty to persons injured in adjacent streets or parking lots over which the defendant does not have the right of possession, management and control." (*Id*. at p. 386; see *Hamilton v. Gage Bowl, Inc.* (1992) 6 Cal.App.4th 1706, 1714 [parking lot owner not liable to customer injured when sign fell from adjacent building parking lot owner did not own, possess, or control]; *Nevarez v. Thriftmart, Inc.* (1970) 7 Cal.App.3d 799, 805-806 [supermarket owed no duty to young child hit by car in adjacent public street while returning home from store's grand opening].)

Here, Defendants' evidence shows the accident in which Townsend was injured occurred in the middle of a public street. Put another way, the accident did not occur in Defendants' parking lot as Townsend alleged, or on any other property Defendants owned, possessed, or controlled. Given Townsend's vague and conclusory allegations that the accident occurred in Defendants' parking lot and they had a duty to prevent drivers from injuring people in their parking lot, this evidence satisfied Defendants' initial summary judgment burden and shifted the burden to Townsend to present evidence establishing a triable issue of material fact.[3]

---

[3] As explained above, Townsend also alleged claims for "Violation – Civil Code 3493," "Negligence per se – violation CC 3493," and "Negligence per se – Violation Vehicle Code 23153." Civil Code section 3493 authorizes a private person to maintain an action for public nuisance, and Vehicle Code section 23153 makes it a crime for a person to drive under the influence of alcohol and cause another bodily injury. Neither Townsend's opening nor reply briefs addressed these causes of action, and therefore Townsend forfeited any claim the trial court erred in granting summary judgment on these causes of action. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 ["'The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived'"]; see *People v. Stanley* (1995) 10 Cal.4th 764, 793.)

9

2.  Townsend Failed to Present Evidence Establishing a Triable Issue of Material Fact

Although Defendants did not own, possess, or control Bayside Drive where the accident occurred, Townsend contends Defendants owed a duty to prevent the accident because Defendants maintained their parking lot in a manner that exposed pedestrians crossing Bayside Drive to an unreasonable risk of being struck by speeding cars exiting the parking lot. According to Townsend, Defendants had a duty to protect these pedestrians by installing speed bumps to slow down drivers in the parking lot and by posting a stop sign instructing drivers to stop before exiting onto Bayside Drive. This argument fails to create a triable issue for two reasons.

First, Townsend forfeited this liability theory because he neither alleged it in his complaint nor sought leave to add it. As explained above, the complaint alleged the accident occurred because Defendants breached their duty to control drivers and prevent them from striking pedestrians in the parking lot. The complaint does not allege Defendants had a duty to prevent accidents from occurring outside their parking lot on land they did not own, possess, or control; nor does the complaint identify any feature of the parking lot that purportedly contributed to the accident on Bayside Drive.

A defendant moving for summary judgment is required to address only the liability theories the plaintiff alleged in the complaint. "'[S]ummary judgment cannot be *denied* on a ground not raised by the pleadings.'" (*Nativi*, *supra*, 223 Cal.App.4th at p. 290; see *Hutton*, *supra*, 213 Cal.App.4th at p. 493.) "'"'If the motion for summary judgment presents evidence sufficient to disprove the plaintiff's claims, . . . the plaintiff forfeits an opportunity to amend to state new claims by failing to request it.'"'" (*Hutton*, at p. 493; see *Aleksick v. 7-Eleven, Inc.* (2012) 205 Cal.App.4th 1176, 1186.)

Second, the evidence does not support this liability theory even if we ignore Townsend's forfeiture. Although a person's duty to maintain property in a safe condition does not extend to adjacent property the person does not own, possess, or control, the

10

person nonetheless owes a duty to avoid exposing others to potential injury on adjacent property when the person maintains his or her property in a manner that exposes others to an unreasonable risk of injury on the adjacent property.  (*Annocki*, *supra*, 232 Cal.App.4th at p. 38; *Barnes*, *supra*, 71 Cal.App.4th at p. 1478.)

For example, in *Annocki*, the plaintiffs sued a restaurant for their son's death in an automobile accident on an adjacent public street.  The restaurant was located on a busy stretch of Pacific Coast Highway in Malibu where temporary traffic dividers had been placed in the middle of the road that prevented drivers from making a left turn when exiting the restaurant's parking lot.  A patron leaving the restaurant after dark did not see the barriers and turned left into oncoming traffic on Pacific Coast Highway, colliding with the plaintiffs' son.  The trial court sustained the restaurant's demurrer, concluding the restaurant owed no duty to warn about the alleged dangerous condition the traffic dividers created on an adjacent public street the restaurant did not own, possess, or control.  (*Annocki*, *supra*, 232 Cal.App.4th at pp. 34-35.)

The *Annocki* court reversed, concluding the restaurant owed a duty to warn about the dangerous condition because it knew of the condition and its parking lot was configured in a manner that increased the risk the condition posed.  One of the two exits from the restaurant's parking lot was on a hill that made it difficult to see the dividers and approaching traffic, but the restaurant failed to warn patrons or direct them to use the other exit that provided a better view of the roadway.  Moreover, despite knowing the dividers created a dangerous condition and were more difficult to see at night, the restaurant neither warned patrons about the dividers nor posted signs informing patrons they could only turn right when exiting the parking lot.  (*Annocki*, *supra*, 232 Cal.App.4th at pp. 35, 38-39.)

Similarly, in *Barnes*, the plaintiffs sued their apartment owner for wrongful death when their young child was hit by a car in front of their apartment complex.  The complex included a private sidewalk that led to a play area and a steep driveway adjacent

11

to the sidewalk that sloped downhill and led to a busy public street. The plaintiffs' son was riding his tricycle along the complex's private sidewalk when he lost control, rolled down the steep driveway, and entered the busy public street where he was hit by a car. The trial court granted the apartment owner summary judgment, concluding the owner owed no duty to prevent the injury because the injury occurred on an adjacent public street the owner did not own, possess, or control. (*Barnes*, *supra*, 71 Cal.App.4th at pp. 1476-1477.)

The *Barnes* court reversed, explaining the location of the injury was not dispositive of whether a duty existed because the apartment owner "fail[ed] to offer any evidence to negate the allegations the sidewalk commonly used by children coming and going to the play area and situated at the top of a steep driveway leading to a busy street, without a fence or other barrier between the sidewalk and the driveway, created a dangerous condition that contributed to the injury." (*Barnes*, *supra*, 71 Cal.App.4th at p. 1479.) The evidence also showed the apartment owner knew of the danger presented by the configuration of the play area, sidewalk, and steep driveway because residents previously had complained about it after witnessing other children roll down the driveway and nearly into the street. (*Id*. at p. 1476.) The appellate court therefore concluded the apartment owner had a duty to protect against children "being ejected from [the owner's] premises by its dangerous configuration at a point where resident young children were known to ride wheeled toys." (*Id*. at p. 1480.)

Contrary to Townsend's contention, these cases are readily distinguishable and do not show Defendants had a duty to prevent Costa from colliding with Townsend in the middle of Bayside Drive. Townsend does not identify any condition in Bayside Drive that would create a duty on Defendants to remedy. For example, he does not contend there were any barriers in Bayside Drive that prevented Costa from turning a particular direction or that there was any feature of Bayside Drive that obstructed Costa's view.

12

Similarly, Townsend does not present any evidence to show Defendants had notice any aspect of their parking lot purportedly created an unreasonable risk of injury for pedestrians crossing in the middle of Bayside Drive. The Vehicle Code required all drivers to stop at the parking lot's exit before turning onto Bayside Drive. (Veh. Code, § 21804.) Townsend presents no evidence to show Defendants were aware patrons regularly sped through the parking lot and exited onto Bayside Drive without stopping.

Moreover, the undisputed evidence shows Costa stopped at the parking lot's exit before turning onto Bayside Drive, and therefore the lack of speed bumps and a stop sign did not create a dangerous condition in the parking lot that contributed to the accident. At deposition, Costa testified she "was at a complete stop and then [she] accelerated to make a left onto Bayside Drive" before she struck Townsend. One of Townsend's companions testified he heard Costa "racing" through the parking lot before the collision occurred, but he does not testify she failed to stop before exiting the parking lot or that he saw her exit the parking lot. To the contrary, the only reasonable inference from the companion's testimony is that Costa had to stop or at least significantly slow down when exiting the parking lot because its design required her to make a sharp left turn in the parking lot to get to the exit and then immediately make another sharp left turn to head north on Bayside Drive—a maneuver Townsend's companion characterized as a "very tight U-turn."

Finally, Townsend submitted a declaration by an engineer and accident reconstructionist, Ricardo Mejia, who opined the parking lot would have been safer if Defendants had installed speed bumps and a stop sign. That opinion, however, does not establish Defendants had a duty to adopt either of those measures. Without notice patrons were speeding in the parking lot and failing to stop when exiting, Defendants had

13

no duty to prevent those things from occurring. Moreover, this declaration is irrelevant given the evidence showing Costa stopped before exiting the parking lot.[4]

III

DISPOSITION

The judgment is affirmed. Defendants shall recover their costs on appeal.

ARONSON, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

THOMPSON, J.

---

[4] Mejia's declaration also points to witness statements in the police report that Costa "'accelerated rapidly and was turning north onto Bayside Drive'" and she "'began exiting the opposite private driveway on the west side of Bayside Drive at a high rate of speed.'" Not only is Mejia's summary of the police report's contents not evidence, none of the statements he summarizes states Costa did not stop before exiting the parking lot. They simply state she accelerated rapidly or began exiting at a high rate of speed.