Filed 3/21/22  Monroy v. Alaska Airlines CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DORA MONROY, | B310495 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. 19STCV01220) |
| ALASKA AIRLINES, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel M. Crowley, Judge.  Affirmed.

Raymond Ghermezian for Plaintiff and Appellant.

Worthe Hanson & Worthe, Todd C. Worthe and MacKenzie C. Foellmer for Defendant and Respondent.

_____

This is a slip and fall case in which the trial court granted a defense motion for summary judgment. Appellant Dora Monroy was descending an exterior staircase from an Alaska Airlines, Inc. plane, using the handrail for support. When her hand came in contact with a clear slippery substance, her hand slid and she fell. The issue is whether Monroy presented evidence establishing a triable issue about Alaska's knowledge of the slippery spot on the handrail (or, put differently, whether its inspection was legally sufficient). The trial court found that, under the circumstances of this case, the inspection was reasonable. We agree and affirm the judgment.

**STATEMENT OF FACTS**

On August 14, 2018, Monroy was on an Alaska flight from Seattle to Burbank. When the plane landed, she exited through its rear door, stepping first onto a platform, then onto the stairs, her left hand on the rail as she descended. Her hand encountered something slippery on the rail (it was clear and not visible); her hand slid, and she fell down the remaining stairs.

In January 2019, Monroy sued Alaska; the cities of Burbank, Glendale, Los Angeles and Pasadena; the County of Los Angeles; and the Burbank-Glendale-Pasadena Airport Authority, alleging causes of action for damages on theories of maintaining a dangerous condition (Gov. Code, § 835), vicarious liability, negligence and premises liability (the only causes of action against Alaska are those for negligence and premises liability). Alaska answered, then moved for summary judgment (Code Civ. Proc., § 437c) on the ground that there is no evidence that Alaska had (or should have had) notice of the slippery handrail.

Alaska has one set of stairs used to deplane passengers from the back of planes landing at the Burbank airport. On the day Monroy fell, an Alaska employee, Kimberly Crawford, waited on the ground while the

stairs were positioned for the arriving plane. Crawford then walked up the stairs, looking for any "issues" (periodically using the handrails), then opened the aircraft door and informed the flight attendant that the passengers could deplane. Crawford's inspection was primarily visual, to ensure the stairs were free of any debris — but she used the handrails and did not feel or otherwise find any problems. Before Monroy fell, Crawford stood at the bottom of the stairs, watching 12 to 15 passengers deplane (none of whom said anything to Crawford about a slippery railing).

Monroy opposed Alaska's summary judgment motion, contending the inspection was unreasonable because Crawford did not use a checklist and because no one wiped the handrails before the passengers deplaned. There is no showing that a checklist was required or that, had one been used, the result would have been different. Monroy presented her own declaration, and one from her expert (Eris Barillas) who opined that, had the handrail been "foreign-substance free," Monroy would not have fallen. There was at most a five-minute gap of time between Crawford's inspection and Monroy's fall.

In November 2020, the trial court granted Alaska's motion for summary judgment. After observing that the elements are the same for premises liability and negligence (duty, breach, causation, damages) (*Castellon v. U.S. Bankcorp* (2013) 220 Cal.App.4th 994, 998), the trial court noted the issue here — that for both causes of action, if a danger exists, the property owner is under a duty to exercise ordinary care to make the condition reasonably safe or, if that isn't possible, to give notice of the danger. (*Bridgman v. Safeway Stores, Inc.* (1960) 53 Cal.2d 443, 446.) A plaintiff alleging injuries arising from a dangerous condition (or opposing a defense motion for summary judgment) must prove the defendant knew or should have known of the dangerous condition. (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1206.)

3

Based on the evidence discussed above, the trial court found that Alaska did not know (and should not have known) about the slippery patch on the handrail — in short, that Alaska did not have actual or constructive notice of the slippery substance — and that Monroy failed to present evidence creating a triable issue of material fact about the reasonableness of Alaska's inspection.  For this reason, Alaska's motion for summary judgment was properly granted.

Monroy appeals from the judgment thereafter entered.

**LEGAL DISCUSSION**

**A.    Standards of review.**

In the trial court, the initial burden is on the moving party to show there are no triable issues of material fact.  (*Scalf v. D. B. Log Homes, Inc.* (2005) 128 Cal.App.4th 1510, 1519.)  A defendant meets its burden if it shows that a cause of action has no merit because one or more elements of that cause of action cannot be established; at that point, the burden shifts to the plaintiff to show a triable issue of material fact. (*Avivi v. Centro Medico Urgente Medical Center* (2008) 159 Cal.App.4th 463, 467.)  The existence and scope of a property owner's duty are legal questions for the court.  (*Annocki v. Peterson Enterprises, LLC* (2014) 232 Cal.App.4th 32, 36; *Hamburg v. Wal-Mart Stores, Inc.* (2004) 116 Cal.App.4th 497, 503.)

On appeal, our review is de novo, meaning we apply the same test the trial court used (*Clark v. Baxter Healthcare Corp.* (2000) 83 Cal.App.4th 1048, 1054; *Zavala v. Arce* (1997) 58 Cal.App.4th 915, 925), liberally construing the evidence and resolving all evidentiary doubts in Monroy's favor.  (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1037; *Binder v. Aetna Life Ins. Co.* (1999) 75 Cal.App.4th 832, 854.)

4

### B. There is no triable issue of fact about whether Alaska exercised reasonable care.

Monroy contends there is a triable issue of material fact about whether Alaska exercised reasonable care in the maintenance of its property. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 840.) We disagree.

Uncontroverted evidence establishes that Crawford examined the stairway, including the handrails, for debris and other hazards (Monroy does not explain how Crawford or Alaska could possibly have discovered an invisible slippery patch on one handrail). Although Monroy claims Crawford should have used a checklist, Monroy does not explain how that would have helped (and common sense tells us that, by carrying a checklist at least one of Crawford's hands would have been encumbered, making it difficult for her to use the handrail herself). Moreover, as Crawford watched from a spot at the bottom of the stairs, 12 to 15 people safely descended the staircase before Monroy, suggesting the slippery spot was far from obvious.

We reject Monroy's assertion that she did not have to show actual knowledge because the evidence suggests the dangerous condition was present for a sufficient period of time to charge Alaska with constructive knowledge. She fails to point to ***any*** evidence showing how long it had been there, and she ignores the fact that Alaska *did* inspect the stairway before it was used. And as already noted, at least a dozen people safely descended the stairs without incident before Monroy fell. No reasonable jury could determine on these facts that Alaska could or should have done more than it did. Where, as here, the evidence does not support a reasonable inference that the hazard existed long enough to be discovered in the exercise of reasonable care, the issue of notice may be resolved as a matter of law. (*Ortega v. Kmart Corp.*, *supra*, 26 Cal.4th at p. 1207.)

### C.     Monroy's expert's testimony was considered.

Monroy contends the trial court failed to consider her expert's testimony.  The expert's view was legally irrelevant since a layman would understand the issue — whether Alaska knew or should have known about the invisible substance on the handrail.  Monroy offers no authorities or argument to suggest that the answer to this question required expert testimony.

The trial court expressly rejected the expert's effort to shift the blame for the fall to the steepness of the stairs, a theory that was not pleaded in Monroy's complaint.  (*Nieto v. Blue Shield of California Life & Health Ins. Co.* (2010) 181 Cal.App.4th 60, 74-75.)  Monroy's complaint raised only one issue, and that was her claim that there was an invisible slippery substance on the handrail.  Her complaint said nothing about the steepness of the stairs.  Monroy could have but did not seek leave to amend.  (*Bostrom v. County of San Bernardino* (1995) 35 Cal.App.4th 1654, 1663 [summary judgment cannot be defeated by a claim not raised by the complaint].)

The trial court correctly concluded that Monroy's opposition to Alaska's motion for summary judgment did not raise a triable issue of material fact.  No reasonable juror could or would find that a "reasonable" inspection in this case required the inspector to touch every portion of the staircase, including the handrails, or that Alaska should have wiped down both handrails before each use.

## DISPOSITION

The judgment is affirmed.  Alaska Airlines shall recover its costs of appeal.

NOT TO BE PUBLISHED

VOGEL, J.*

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.