HATTIE M. HUNT, executrix, *vs.* ECONOMIC MACHINERY COMPANY.

Worcester.    September 30, 1918. — October 10, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Of one controlling real estate, Shafting.

If a coal dealer goes with one of his teams to deliver coal ordered by a machinery
company, and, while he is standing on his wagon engaged in shovelling coal into
a coal pit, his clothing is caught by a rapidly revolving shaft with projecting nuts,
which is only four and a half feet above the floor of the wagon where he is stand-
ing, and he receives injuries which cause his death, his executrix cannot maintain
an action against the machinery company for causing his death, there having
been no duty on the part of that company to warn him of the perfectly obvious
danger of contact with the revolving shaft.

TORT by the executrix of the will of George E. Hunt, a coal
dealer in Worcester, for causing the death and conscious suffering
of the plaintiff's testator on December 24, 1915, when the testator
had gone with one of his teams to supervise the delivery of some
coal ordered by the defendant, a corporation engaged in manu-
facturing machinery.    Writ dated January 12, 1916.

In the Superior Court the case was tried before *Morton,* J.
The evidence is described in the opinion.    At the close of the
evidence the judge upon the defendant's motion ordered a verdict
for the defendant.    The plaintiff alleged exceptions.

The case was submitted on briefs.

*C. W. Wood & C. H. Wood,* for the plaintiff.

*C. C. Milton, D. F. Gay & F. L. Riley,* for the defendant.

BRALEY, J.    The plaintiff on the principal question of the defend-
ant's negligence maintains that under *Carleton* v. *Franconia Iron &
Steel Co.* 99 Mass. 216, the case should have been submitted to
the jury.    The rule formulated in *Carleton* v. *Franconia Iron & Steel
Co.,* which has since been followed in numerous cases, is that the
"owner or occupant of land is liable in damages to those coming
to it, using due care, at his invitation or inducement, express or
implied, on any business to be transacted with or permitted by
him, for an injury occasioned by the unsafe condition of the

land . . . which is known to him and not to them, and which he has negligently suffered to exist and has given them no notice of."

But, even if the jury would have been warranted in finding that the testator was upon the premises delivering coal by the defendant's invitation, the shaft revolving at high speed which caught his clothing in such a manner as to hold him firmly while it revolved until the machinery was stopped and he was released after suffering injuries, causing his death the same day, was plainly visible. Its position across the passageway was four and one half feet above the floor of the wagon where he was standing engaged in shovelling coal into the pit, and the uncontroverted evidence introduced by the plaintiff shows that the shaft with the projecting nuts was in full view not only from the floor of the passage way but from the floor of the wagon. The testator could perform the work in his own way and there is no evidence that at any time his attention was distracted, and the danger of contact with the shaft if proper precautions were not taken was obvious. It is manifest under these circumstances that no warning by the defendant would have disclosed a different situation or environment from that which was within his vision.

The plaintiff having failed to show the violation of any legal duty owed to her testator by the company, the exceptions must be overruled. *Silvia* v. *Sagamore Manuf. Co.* 177 Mass. 476. *Hoyt* v. *Woodbury,* 200 Mass. 343.

*So ordered.*