GEORGE M. SULLIVAN *vs.* RIDGWAY CONSTRUCTION COMPANY.

Suffolk.    March 9, 1920. — May 21, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Negligence,* In maintenance of place of amusement, Assumption of risk.   *Minor.*

A corporation, maintaining at a beach resort an amusement device, which in part consists of a slide down which one using it is propelled to a moving belt whence he jumps to the floor, in the absence of any negligence in its construction, condition or operation, is not liable for personal injuries received by one who, having used the device five or six times before so that he is familiar with the manner of its use and the sensation caused thereby, enters it when a large crowd is present and, because of the crowd, is injured when he jumps from the moving belt.

The decision above described was reached without considering any defence involved in the fact that the injured person was a minor and had entered the device upon a ticket having on its reverse side this language: "No charge is made for the use of Amusement Devices in the Pit or Gymnasium, but persons using same agree to assume all risk of personal injury and loss or damage to property."

TORT for personal injuries alleged to have been received by the plaintiff while in a place of amusement called the "Pit," maintained by the defendant at Revere Beach in Revere.   Writ dated July 24, 1918.

In the Superior Court, the action was tried before *Morton,* J. The material evidence is described in the opinion.   At the close of the evidence, the judge ordered a verdict for the defendant and reported the action to this court for determination.

The case was submitted on briefs.

*J. F. Daly,* for the plaintiff.

*E. C. Stone & W. D. Gray,* for the defendant.

JENNEY, J.   George M. Sullivan, who was nineteen years old at the time of the accident hereinafter described, seeks to recover damages from the defendant, Ridgway Construction Company, for an injury to his right ankle received on Sunday, July 7, 1918, and caused by "jumping from a revolving belt at the bottom of a chute or slide" in a place of amusement known as the "Pit" at Revere Beach in the city of Revere.   This place of amusement

contained "a revolving wheel, centrifugal whirl, a blower, and the chute or slide on which the plaintiff claimed to have been injured. The entrance to this chute or slide is reached by climbing a short flight of stairs. The slide is built on an incline and is about twenty-four inches in width, divided in the centre by a partition, making two troughs twelve inches wide. To use this slide, 'You walk up the stairs to the platform, sit down in the trough and slide to the bottom, where you land on a moving rubber belt and are propelled a short distance when you jump off on the floor. The rubber belt is about the height of a chair from the floor.' The plaintiff testified that, when he got into the Pit, there were so many there that 'There couldn't very many more come in, about fifty more.' That 'It seemed that every amusement place was crowded.' That he and his friend tried two or three other amusements, and about five or ten minutes after they entered the Pit, they climbed the flight of stairs to the top of the slide; that there was an officer there, who wore a uniform, or at least a cap. That he went down the slide, reached the leather belt all right, and it was carrying him along all right. That 'There was such a crowd in that place where you land, I had no place to land, and I could not stay on the leather belt, because it was revolving, and I had to jump off somewhere, and I landed on someone's foot, — that was the cause of the accident.'" The plaintiff further testified that he had been at the defendant's place of amusement three or four times, and had used "this same slide about five or six times before;" that he knew that when he reached the bottom of the slide, he would land on the belt, and would be obliged to jump from there to the floor; that there was no guard at the foot of the slide at the time of the accident, and that he would not have needed any guard to assist him if there had been no crowd there; that before he used the slide he saw the crowd; that he knew the crowd was there when he started to use the slide; and that he "slid down knowing the conditions as they were down below." He further testified that he was admitted to the defendant's premises upon a ticket previously purchased by him which had on the reverse side this language: "No charge is made for the use of Amusement Devices in the Pit or Gymnasium, but persons using same agree to assume all risk of personal injury and loss or damage to property." There was no evidence that guards

were employed by the defendant to assist people in alighting from the chute.

Disregarding any defences involved in the special limitation of liability contained in the terms under which the plaintiff was on the defendant's premises, we think that the verdict for the defendant was ordered rightly. The defendant's conduct in permitting the presence of a crowd was not negligent on the facts shown. The slide apparently was designed to attract persons to use it because of its novel and unusual character. There was no evidence of negligence in its construction, condition or operation as a device of the character described. The plaintiff was familiar from previous experience with the manner of its use, and the sensations caused thereby, and no warning was necessary of the obvious and known conditions and dangers to which he voluntarily subjected himself. See *Mellor* v. *Merchants' Manuf. Co.* 150 Mass. 362; *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155, 158; *O'Maley* v. *South Boston Gas Light Co.* 158 Mass. 135; *Hunnewell* v. *Haskell*, 174 Mass. 557; *Hunt* v. *Economic Machinery Co.* 231 Mass. 155.

*Judgment on the verdict.*