BENJAMIN KATZ *vs.* SAMUEL T. GOW.

Worcester. September 22, 1947. — October 30, 1947.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Negligence*, Golf ball driving range, Assumption of risk. *Evidence*, Cumulative.

A finding, that a patron of a range for driving golf balls voluntarily assumed the risk of an injury sustained through being struck in his eye by a ball driven by another patron about six feet behind him and two or three feet to his left would have been required, and a finding of negligence of the proprietor of the range toward the injured patron would not have been warranted, where it appeared that, although the proprietor furnished no supervision of the driving of balls and gave no instructions or warnings with respect thereto, the injured patron was familiar with the range and the manner of its operation and the danger of injury from driven balls was obvious.

No error appeared in the exclusion of evidence showing only certain facts which were undisputed.

TORT. Writ in the Superior Court dated August 17, 1944.

The action was tried before *Donnelly*, J.

*F. Howard*, (*C. W. Proctor* with him,) for the plaintiff.

*S. B. Milton*, (*R. C. Milton* with him,) for the defendant.

LUMMUS, J. In this action of tort for alleged negligence the judge directed a verdict for the defendant, and the case comes here upon the exceptions of the plaintiff. There was evidence tending to prove the following facts.

The defendant operated in Worcester a driving range for the driving of golf balls. On Sunday, June 9, 1940, the plaintiff visited the range with one Mintz and another man. From fifty to seventy people were on the range. The plaintiff paid twenty-five cents to an attendant and received a golf club and a bucket of balls, as did each of his companions. The other people on the range were scattered from two feet to six feet apart, and were driving off in the same direction from a strip from six to ten feet wide and from one hundred to one hundred fifty feet long. The plaintiff had used the range about five times before the day of the injury. Neither by signs nor by other directions were patrons required to stand in any particular places while driving or to keep at any particular distance from each other.

After the plaintiff and his companions had hit a number of balls, Mintz, who was on the left of the plaintiff, dropped back to a position about six feet to the rear, and two or three feet to the left, of the plaintiff. When Mintz drove off from that position, his ball hit the plaintiff in the eye and severely injured him. The defendant testified that to be safe a person driving a ball ought to have ten feet of space about him.

We think that there was no error in the direction of a verdict for the defendant. The plaintiff was familiar with the range and with the manner in which it was used. The danger of being hit by a golf ball was evident. It is common knowledge that a golf ball does not always fly straight toward the intended mark, especially when hit by an unskilled person. Mintz was not an experienced golfer. Skill was not required of patrons of the range. It was evident that the defendant did not undertake to control the driving of balls by his patrons. The only attendant on the range was the young man who furnished the clubs and the balls.

On all the evidence we think that the plaintiff voluntarily assumed the risk of such an injury as he received. *Hietala* v. *Boston & Albany Railroad,* 295 Mass. 186. *Sullivan* v. *Ridgway Construction Co.* 236 Mass. 75. *Kitchen* v. *Women's City Club of Boston,* 267 Mass. 229. *McGuire* v.

*Valley Arena Inc.* 299 Mass. 351. The danger was equally apparent to both parties. *Perry* v. *Loew's Boston Theatres Co.* 291 Mass. 332. *Bannister* v. *Berkshire Street Railway,* 301 Mass. 598. *Rego* v. *Sagamore Manuf. Co.* 305 Mass. 346. *Roy* v. *Oxford,* 317 Mass. 174. The present case is readily distinguishable from *Shanney* v. *Boston Madison Square Garden Corp.* 296 Mass. 168. Cases from other jurisdictions, involving golfing accidents, have been cited to us, but none of them presents a comparable situation.

The plaintiff excepted to the exclusion of questions to himself as follows: "And as people drove there, was there anybody that came up and told them what to do?" and "Was there any supervision there?" The plaintiff made no offer of proof, and the record contains nothing to show what the expected answers would have been. Besides, it appeared that there could have been no harm to the plaintiff in the exclusion, because it appeared that the only employee of the defendant present was the young man who was engaged in furnishing clubs and balls. The defendant himself, who testified, did not claim to have furnished any supervision. The plaintiff also excepted to the exclusion of the question, "Did you receive any warning or instruction about where you were to stand?" There was no error in this exclusion, for it was undisputed that no warning or instruction was given. Furthermore, the plaintiff excepted to the exclusion of questions to the defendant as to his knowledge that there was danger if patrons should stand too closely together, and as to whether he did anything to prevent them from doing so. The defendant testified that patrons ought to stand ten feet apart, and it was undisputed that he gave patrons no directions. We find no error in the exclusion of evidence.

*Exceptions overruled.*