Filed 11/9/15  Neira v. Campclar Corp. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ISBEL NEIRA, | B258473 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC516199) |
| v. | |
| CAMPCLAR CORPORATION, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elia Weinbach, Judge.  Reversed with directions.

Gajewski & Baughan and Edward W. Baughan for Plaintiff and Appellant.

Turner Aubert & Friedman and Jack L. Henningsen for Defendant and Respondent.

_____

## INTRODUCTION

A soccer ball from a nearby field struck Isbel Neira in the head while she was dining at an outdoor table at the Spitfire Grill, a restaurant owned and operated by Campclar Corporation. Neira filed a complaint against Campclar and others for, among other causes of action, negligence and premises liability. The trial court determined that Campclar could not be liable for Neira's injuries because it did not own, possess, or control the soccer field, and therefore did not owe Neira a duty of care. We conclude that Neira adequately alleged facts giving rise to a duty of care and that the trial court erred in sustaining the demurrer without leave to amend. Therefore, we reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Campclar owns and operates a restaurant known as the Spitfire Grill. The restaurant is located across the street from a soccer field at the Santa Monica Airport Park. Neira went to the Spitfire Grill, and a restaurant employee directed her to an outdoor dining area where Neira sat at a table facing away from the soccer field. While she was eating at the table, a soccer ball flew over the fence and struck her in the head. A restaurant employee told her that balls kicked from the soccer field had previously landed in the same area of the restaurant. Neira received emergency medical care. She suffered loss of hearing and other injuries.

Neira sued Campclar for negligence, premises liability, and strict liability.[1] Neira alleged that Campclar knew or reasonably should have known that customers seated in

---

[1]    Neira also named the Spitfire Grill as a defendant, alleging that Campclar was doing business as Spitfire Grill Restaurant. The use of a fictitious business name does not create a separate legal entity distinct from its owner. (*Ball v. Steadfast-BLK* (2011) 196 Cal.App.4th 694, 701.) The proper defendant is Campclar. (*Pinkerton's, Inc. v. Superior Court* (1996) 49 Cal.App.4th 1342, 1349.) In addition, premises liability is just "a species of negligence." (*McIntyre v. Colonies-Pacific, LLC* (2014) 228 Cal.App.4th

the restaurant's outdoor dining area and facing away from the soccer field would be exposed to an unreasonable risk of harm from errant soccer balls kicked from the soccer field. She alleged in her negligence cause of action that Campclar negligently seated her in an area exposed to the risk of incoming soccer balls and failed to warn her of the risk, and that she suffered injury as a result. She alleged in her premises liability cause of action that Campclar negligently maintained the restaurant in a dangerous condition.

Campclar demurred to the operative first amended complaint, arguing that under *Hamilton v. Gage Bowl, Inc.* (1992) 6 Cal.App.4th 1706 (*Hamilton*) it did not owe Neira a duty of care because the dangerous condition was located on property that Campclar neither owned nor controlled. Campclar argued that "the dangerous condition was the flying soccer ball," whose trajectory had originated on a soccer field it neither owned nor controlled. Campclar also argued that there was no connection between its conduct and Neira's injuries because it was not responsible for the ball coming in over the fence. Campclar further argued that it did not maintain its property in a dangerous condition, and that it had no duty to warn Neira of an unforeseeable event. Campclar also demurred to the strict liability cause of action.

Neira argued in opposition to the demurrer that she had alleged sufficient facts giving rise to a duty of care to support her negligence and premises liability causes of action. She also dismissed her strict liability claim without prejudice.

The trial court sustained the demurrer to the negligence and premises liability causes of action without leave to amend. Citing *Hamilton*, *supra*, 6 Cal.App.4th 1706, the court stated that a defendant cannot be liable for a dangerous condition on property that it does not own, possess, or control. The court stated that Neira did not allege Campclar controlled the soccer field, and, because Neira did not indicate that or how she could cure the defect by amendment, the court sustained Campclar's demurrer without

---

664, 668; see *Brooks v. Eugene Burger Management Corp.* (1989) 215 Cal.App.3d 1611, 1619 ["[p]remises liability is a form of negligence"].)

3

leave to amend. The trial court filed a signed order dismissing Neira's complaint against Campclar,[2] from which Neira timely appealed.

## DISCUSSION

A. *Standard of Review*

"'On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.] The judgment must be affirmed "if any one of the several grounds of demurrer is well taken. [Citations.]" [Citation.] However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.] And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment. [Citation.]' [Citation.]" (*McAllister v. Los Angeles Unified School Dist.* (2013) 216 Cal.App.4th 1198, 1206.)

B. *The General Duty of Reasonable Care and the* <u>Rowland</u> *Analysis for Exceptions*

"Everyone is responsible . . . for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person . . . ." (Civ. Code, § 1714, subd. (a).) Thus, the general rule is that "'each person has a duty to use ordinary care and "is liable for injuries caused by his failure to exercise reasonable care

---

[2] A signed order of dismissal is an appealable judgment. (Code Civ. Proc., §§ 581d, 904.1, subd. (a)(1).)

4

in the circumstances. . . .”’ [Citation.]” (*Cabral v. Ralphs Grocery Co.* (2011) 51 Cal.4th 764, 771 (*Cabral*).)

In *Rowland v. Christian* (1968) 69 Cal.2d 108 (*Rowland*)[3] the California Supreme Court identified several considerations that, when balanced by the court, may justify an exception to the general duty of reasonable care embodied in Civil Code section 1714: “the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant’s conduct and the injury suffered, the moral blame attached to the defendant’s conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved. [Citations.]” (*Id.* at p. 113; accord, *Cabral*, *supra*, 51 Cal.4th at p. 771.) The Supreme Court in *Cabral* stated, “As we have also explained, however, in the absence of a statutory provision establishing an exception to the general rule of Civil Code section 1714, courts should create one only where ‘clearly supported by public policy.’ [Citations.]” (*Cabral*, *supra*, at p. 771, quoting *Rowland*, *supra*, at p. 112.)

The Supreme Court in *Cabral*, *supra*, 51 Cal.4th 764, explained that an important feature of the *Rowland* analysis is that “the *Rowland* factors are evaluated at a relatively broad level of factual generality. Thus, as to foreseeability, we have explained that the court’s task in determining duty ‘is not to decide whether a *particular* plaintiff’s injury was reasonably foreseeable in light of a *particular* defendant’s conduct, but rather to evaluate more generally whether the category of negligent conduct at issue is sufficiently

[3]    *Rowland* “was partially superseded by statute on a different issue as stated in *Calvillo–Silva v. Home Grocery* (1998) 19 Cal.4th 714, 722, 80 Cal.Rptr.2d 506, 968 P.2d 65, disapproved on a different issue in *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853, 107 Cal.Rptr.2d 841, 24 P.3d 493.” (*Smith v. Freund* (2011) 192 Cal.App.4th 466, 473.)

5

likely to result in the kind of harm experienced that liability may appropriately be imposed. . . .' [Citations.]

"In applying the other *Rowland* factors, as well, we have asked not whether they support an exception to the general duty of reasonable care on the facts of the particular case before us, but whether carving out an entire category of cases from that general duty rule is justified by clear considerations of policy. Thus in *Rowland* itself, considering whether the traditional property-law categories of invitee, licensee and trespasser should govern a property owner's duty of care, we observed that while in particular cases the certainty of injury, the burden of exercising due care, or the availability and cost of insurance may be greater as to one class of persons entering real property than as to another, such particular instances 'do not warrant the wholesale immunities resulting from the common law classifications.' [Citations.]

"By making exceptions to Civil Code section 1714's general duty of ordinary care only when foreseeability and policy considerations justify a categorical no-duty rule, we preserve the crucial distinction between a determination that the defendant owed the plaintiff no duty of ordinary care, which is for the *court* to make, and a determination that the defendant did not breach the duty of ordinary care, which in a jury trial is for the *jury* to make." (*Cabral*, *supra*, 51 Cal.4th at pp. 772-773.) "To base a duty ruling on the detailed facts of a case risks usurping the jury's proper function of deciding what reasonable prudence dictates under those particular circumstances."[4] (*Id.* at p. 774.)

---

[4] *Cabral*, *supra*, 51 Cal.4th 764, involved a truck driver who negligently parked a tractor-trailer alongside a freeway where another driver struck the vehicle and died. (*Id.* at pp. 769-770.) The Supreme Court held that the defendant's truck driver owed other freeway users a duty of reasonable care and that the *Rowland* factors did not justify a categorical exemption from the general duty of reasonable care for drivers stopping alongside a freeway. (*Id.* at pp. 774-784.)

6

C.    *As a Possessor of Land, Campclar Owed Neira a Duty To Exercise*
    *Reasonable Care*

A possessor of land owes a duty to exercise reasonable care to maintain land in his or her possession or control in a reasonably safe condition.  (*Alcaraz v. Vece* (1997) 14 Cal.4th 1149, 1156 (*Alcaraz*);[5] see *Johnson v. Prasad* (2014) 224 Cal.App.4th 74, 79.)  This duty derives from the general rule stated in Civil Code section 1714, subdivision (a).  (*Hall v. Aurora Loan Services LLC* (2013) 215 Cal.App.4th 1134, 1139.)  A possessor of land owes such a duty even if the dangerous condition is caused by an instrumentality that the land possessor neither owns nor controls.  (*Alcaraz*, *supra*, 14 Cal.4th at p. 1156; *Barnes v. Black* (1999) 71 Cal.App.4th 1473, 1480 (*Barnes*).)  The duty of care "includes the duty not to place another person in a situation in which the other person is exposed to an unreasonable risk of harm through the reasonably foreseeable conduct (including the reasonably foreseeable negligent conduct) of a third person."  (*Lugtu v. California Highway Patrol* (2001) 26 Cal.4th 703, 716; see *Bigbee v. Pacific Tel. & Tel. Co.* (1983) 34 Cal.3d 49, 58 ["'[i]f the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby'"].)  In addition, a business proprietor or other possessor of land owes a duty of reasonable care to protect its invitees from foreseeable dangers even if a third party created the danger.  (*Delgado v. Trax Bar & Grill* (2005) 36 Cal.4th 224, 234-236; *Peterson v. San Francisco Community College Dist.* (1984) 36 Cal.3d 799, 806.)

*Alcaraz* involved a tenant who suffered injury when he stepped into a water meter box located in the lawn in front of the rental property he occupied.  (*Alcaraz*, *supra*, 14 Cal.4th at p. 1152.)  The defendant landlords did not own or control the meter box and did not own the narrow strip of land where the meter box was located, but the parties

---

[5]    "A defendant need not own, possess *and* control property in order to be held liable; control alone is sufficient."  (*Alcaraz*, *supra*, 14 Cal.4th at p. 1162.)

disputed whether the defendants exercised control over the narrow strip of land. (*Id.* at pp. 1155-1157.) The Supreme Court held that the defendants had a duty to protect persons on land that they possessed or controlled from a dangerous condition on that land even if they did not own or control the instrumentality creating the hazard (i.e., the meter box). (*Id.* at p. 1156.) The Supreme Court concluded that, because there was a triable issue of fact regarding the defendants' control of the land where the meter box was located, the defendants had failed to negate a duty of care and were not entitled to summary judgment. (*Id.* at pp. 1170-1171.)

In *Barnes*, *supra*, 71 Cal.App.4th 1473 a child was riding a tricycle on a sidewalk in front of an apartment building when he suddenly veered off the sidewalk, down the slope of a steep driveway, and onto a busy street. (*Id.* at p. 1476.) The configuration of the property, with a sidewalk leading to a children's play area at the top of a steep driveway leading to a busy street, created a dangerous condition. (*Id.* at p. 1479.) The court in *Barnes* rejected the argument that the defendant apartment building owner did not have a duty to protect persons on the property from an unreasonable risk of injury off the premises on a public street over which the defendant had no control. (See *id.* at p. 1478). The court stated, "[T]he instrumentality that causes the injury need not be within the defendant's control to give rise to a duty of care under the *Rowland* analysis." (*Id.* at p. 1480, citing *Alcaraz*, *supra*, 14 Cal.4th at pp. 1155-1156.)

Neira alleges that customers seated in the restaurant's outdoor dining area and facing away from the soccer field were exposed to an unreasonable risk of injury from wayward soccer balls. The location of the outdoor dining area relative to the soccer field allegedly created a dangerous condition in the outdoor dining area. Campclar does not dispute that it possessed or controlled the outdoor dining area.

As in *Alcaraz*, *supra*, 14 Cal.4th 1149, and *Barnes*, *supra*, 71 Cal.App.4th 1473, the defendant controlled the land where the dangerous condition existed (the outdoor dining area) but did not own or control the instrumentality creating the hazard (the soccer

8

ball).[6]  As in *Alcaraz*, *supra*, at page 1156, and *Barnes*, *supra*, at page 1480, the fact that Campclar did not own or control the instrumentality creating the hazard does not mean that Campclar did not have a duty of reasonable care to protect persons on the land from a dangerous condition.  The principle is the same regardless of whether the instrumentality creating the hazard originated on or outside the land controlled by the defendant.  According to the allegations in the complaint, which we accept as true, incoming soccer balls created a dangerous condition on the property.  The same duty of care the Supreme Court identified in *Alcaraz*, the duty of a possessor of land to exercise reasonable care to maintain land in his or her possession or control in a reasonably safe condition, applies in this case, unless foreseeability and public policy considerations justify a departure from the general rule of Civil Code section 1714.  (See *Cabral*, *supra*, 51 Cal.4th at p. 771; *Rowland*, *supra*, 69 Cal.2d at pp. 112-113.)

*Hamilton*, *supra*, 6 Cal.App.4th 1706, on which the trial court relied, is distinguishable.  The plaintiff in *Hamilton* was standing in a parking lot owned by the defendant when a sign fell from the wall of an adjacent building, striking her and causing injury.  The defendant did not own the sign or the wall, but had refurbished and rehung the sign on the wall and repainted part of the wall.  (*Id.* at pp. 1709-1710.)  The plaintiff argued that the defendant exercised control over the wall and therefore had a duty to inspect the sign that fell.  (*Id.* at p. 1712.)

The court in *Hamilton*, affirming an order granting the defendant's motion for nonsuit after opening statement, held that the defendant could not be liable for a dangerous condition of property that it did not own, possess, or control.  (*Hamilton*, *supra*, 6 Cal.App.4th at p. 1711.)  The court stated that the dangerous condition of property was the sign itself, "or, more accurately, the means by which the sign was

---

[6]      As stated, in *Alcaraz* there was a triable issue of fact whether the defendant controlled the land where the meter box was located, which precluded summary judgment based on a lack of duty.  (*Alcaraz*, *supra*, 14 Cal.4th at pp. 1170-1171.)

9

affixed." (*Id.* at p. 1713.) Absent any evidence that the defendant exercised control over the sign that fell, the court concluded that the defendant had no duty to discover the dangerous condition of the sign. (*Id.* at pp. 1712-1713.) The court noted that the defendant had no notice the sign was dangerous, that the accident was unforeseeable, and that the *Rowland* factors did not justify imposing a duty on the defendant to inspect the sign. (*Id.* at pp. 1713-1714.)

*Hamilton*, *supra*, 6 Cal.App.4th 1706, turned on the absence of a duty to inspect a sign on adjacent property in order to discover the dangerous condition of the sign. The plaintiff in *Hamilton* apparently did not argue that the risk of harm was foreseeable or that the defendant owed her a duty of reasonable care based on its control of the parking lot, and the court's opinion did not discuss such a duty. The court in *Hamilton* did not decide the question presented here: whether the duty to exercise reasonable care to maintain land in one's possession or control in a reasonably safe condition encompasses a duty to protect persons on the land from a risk of harm originating from outside the property. *Hamilton* therefore provides no authority on that issue.[7] (See *Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 153 ["'[a] court's opinion is not authority for a proposition not considered in it'"].)

_____

[7] The Supreme Court in *Alcaraz* distinguished *Hamilton*, *supra*, 6 Cal.App.4th 1706, based on the fact that the defendant in *Alcaraz* allegedly had actual notice of the dangerous condition. (*Alcaraz*, *supra*, 14 Cal.4th at p. 1157.) *Alcaraz* stated that if the defendant in *Hamilton* had received actual notice that the sign was in danger of falling, the defendant "would have had a duty to persons using its parking lot to protect them from, or warn them of, the dangerous sign." (*Ibid.*) This does not mean, however, that foreseeabiilty for purposes of a duty analysis depends on actual notice. Instead, "the 'very concept of negligence presupposes that the actor either does foresee an unreasonable risk of injury, or could have foreseen it if he conducted himself as a reasonably prudent person.' [Citations.] Because '"[a]ll persons are required to use ordinary care to prevent others being injured as a result of their conduct"' [citation], this court has repeatedly recognized a cause of action for negligence not only against those who have actual knowledge of unreasonable danger, but also against those who have constructive knowledge of it. [Citations.]" (*John B. v. Superior Court* (2006) 38 Cal.4th 1177, 1190.)

D. *The <u>Rowland</u> Factors Do Not Justify Creating an Exception to the General Duty of Care*

1. *Foreseeability and Related Factors*[8]

The first three related considerations identified in *Rowland*, *supra*, 69 Cal.2d at page 113, are "the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, [and] the closeness of the connection between the defendant's conduct and the injury suffered." These factors do not support creating an exception to the duty of care in this case.

The possibility that a soccer ball may leave the playing field and strike a person on property nearby is generally foreseeable. Regardless of the skill of the players, a kicked soccer ball, like a hit golf ball, may take an unintended path. (Cf. *American Golf Corp. v. Superior Court* (2000) 79 Cal.App.4th 30, 38 ["'[h]itting a golf ball at a high rate of speed involves the very real possibility that the ball will take flight in an unintended direction'"]; *Geddes v. Mill Creek Country Club, Inc.* (2001) 196 Ill.2d 302, 751 N.E.2d 1150, 1158 ["[t]hat golfers do not always hit their golf balls straight is a matter of common knowledge; it is a fact that needs no supporting evidence, a principle that needs no citation of authority"]; *Katz v. Gow* (1947) 321 Mass. 666, 75 N.E.2d 438, 439 ["[i]t is common knowledge that a golf ball does not always fly straight toward the intended mark, especially when hit by an unskilled person"].) Again, the foreseeability question is not whether a particular plaintiff's injury was reasonably foreseeable in light of a particular defendant's conduct, but whether the category of conduct is sufficiently likely to result in the kind of harm suffered to justify imposing liability. (*Cabral*, *supra*, 51 Cal.4th at p. 772.) The factual details of the incident here, including the allegation that a restaurant employee informed Neira that balls kicked from the soccer field had previously

---

[8] The Supreme Court in *Cabral* analyzed the *Rowland* factors in two groups: foreseeability and related factors, and public policy considerations. (*Cabral*, *supra*, 51 Cal.4th at pp. 774-784.)

11

landed in the outdoor dining area, are not determinative for purposes of this inquiry.[9] (*Id.* at p. 774.) It is foreseeable that a soccer ball could strike and injure a person on property near a soccer field.

Regarding the degree of certainty that Neira suffered injuries, Neira alleged that she suffered a loss of hearing in her right ear, numbness under her eyes, and pain in her arms, head, and neck as a result of the soccer ball striking her. We accept these allegations of her injuries as true. (See *Nolte v. Cedars Sinai Medical Center* (2015) 236 Cal.App.4th 1401, 1406.)

With respect to the closeness of the connection between the conduct and the injury, Neira alleges that Campclar acted negligently by seating her in an area where an errant soccer ball might strike her and by failing to protect her from that risk. Thus, she alleges that Campclar acted negligently by creating a risk of precisely the type of injury that she suffered. This is not a case where the connection between the defendant's negligent conduct and the plaintiff's injury was indirect or attenuated. (See, e.g., *O'Neil v. Crane Co.* (2012) 53 Cal.4th 335, 365 [the connection between the defendants' manufacturing of pumps and valves used in Navy warships and the decedent's exposure, many years later, to asbestos in replacement parts made by other manufacturers and in third party products used in conjunction with the defendants' products was "extremely remote"]; *Titus v. Canyon Lake Property Owners Assn.* (2004) 118 Cal.App.4th 906, 912 [the connection between any conduct by the defendant homeowners' association and its private security company, on the one hand, and the death of a passenger in a car being driven by an intoxicated driver, on the other, was "tenuous at best"]; see also *Cabral*, *supra*, 51 Cal.4th at pp. 779-780 [distinguishing cases involving a remote connection between the defendant's negligence and the plaintiff's injury].) Here, there was a close connection between Campclar's alleged negligence and Neira's alleged injuries.

---

[9] The factual details may be important to the jury's determination regarding breach of duty. (See *Cabral*, *supra*, 51 Cal.4th at p. 774.)

### 2.	*Public Policy Considerations*

The public policy considerations include "the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." (*Rowland*, *supra*, 69 Cal.2d at p. 113.) "The overall policy of preventing future harm is ordinarily served, in tort law, by imposing the costs of negligent conduct upon those responsible. The policy question is whether that consideration is outweighed, for a category of negligent conduct, by laws or mores indicating approval of the conduct or by the undesirable consequences of allowing potential liability." (*Cabral*, *supra*, 51 Cal.4th at pp. 781-782.)

Campclar has identified no law or public policy indicating approval of its conduct or protecting it from liability in these circumstances, and there is no reason to believe that imposing a duty of reasonable care in these circumstances would create a heavy burden on landowners and possessors of land in similar circumstances.[10] Campclar also has not shown that failing to create the duty exception that it seeks would significantly affect the availability or prevalence of property insurance or its cost. (See *Cabral*, *supra*, 51 Cal.4th at p. 784, fn. 12.)

### E.	*Conclusion*

The particular circumstances of a plaintiff's injury caused by a soccer ball or other instrumentality originating from outside the property may vary, but the general duty is the same: a duty to exercise reasonable care to maintain land in the defendant's possession or control in a reasonably safe condition. As the *Cabral* court stated, "The duty of

---

[10]	Campclar's alleged conduct was blameworthy to the extent that it exposed Neira to an unreasonable risk of harm, but its conduct was not heinous or especially blameworthy. As in *Cabral*, *supra*, 51 Cal.4th at page 782, however, the more significant factor is the absence of any special legal protection for Campclar's conduct.

reasonable care is the same under all these circumstances; what varies with the specific facts of the case is whether the defendant has breached that duty. *That* question . . . is generally one to be decided by the jury, not the court." (*Cabral*, *supra*, 51 Cal.4th at p. 784.) Similarly, the duty of care here is the same regardless of the particular facts at issue, and the trier of fact must decide whether Campclar breached its duty of reasonable care in these circumstances.

## DISPOSITION

The judgment is reversed with directions to the trial court to vacate its order sustaining Campclar's demurrer to the first amended complaint without leave to amend and enter a new order overruling the demurrer. Neira is to recover her costs on appeal.

SEGAL, J.

We concur:

PERLUSS, P. J.

BECKLOFF, J.[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14